KOEPKE, APPELLANT, *v.*
KOEPKE, APPELLEE.

(No. WD-88-89—Decided November 3, 1989.)

*George Rogers,* for appellant.
*Martin Smith,* for appellee.

CONNORS, J. This matter is before the court on appeal from the Wood County Court of Common Pleas, Domestic Relations Division.

Appellant, Charles Randall Koepke, and appellee, Paula L. M. Koepke, were married on August 17, 1974. On June 17, 1986, appellee gave birth to Scott Randall Koepke. Throughout the marriage, appellant believed that he was the father of Scott Randall Koepke. Consequently, appellant developed an emotional attachment to the child. He also incurred all of the usual expenses involved in raising a child.

On July 2, 1987, appellee filed a complaint for divorce. In the complaint, appellee announced for the first time that Scott Randall Koepke was not appellant's son. Rather, appellee claimed that the child's father was Michael Gough, a man whom appellee had been involved with during her marriage.

On February 25, 1988, appellant filed a complaint against appellee in the Wood County Court of Common Pleas for intentional infliction of emotional distress as a result of appellee's untimely revelation regarding the child. Appellee filed a motion to dismiss the complaint which was denied on July 29, 1988. Thereafter,

the case was transferred to the docket of Judge Donald A. Decessna, the judge assigned to the parties' divorce action. Appellee moved for reconsideration of her March 16, 1988 motion to dismiss. In a November 21, 1988 judgment entry the court held that:

"* * * in almost all divorce litigation emotional distress is suffered by one or both of the parties, and that many times the emotional distress suffered is as a result of intentional acts done by the other party.

"The Court, having judicially noticed the above facts and having fully considered the memorandum and oral argument of counsel finds that plaintiff's complaint should be dismissed on grounds of public policy as the injury alleged by the plaintiff can and should be considered in the divorce litigation."

Appellant brings this appeal from the above judgment setting forth the following assignment of error:

"The trial court erred in dismissing plaintiff's complaint for failure to state a cause of action, the cause of action being one recognized in law and applicable despite the incidental fact that the parties were married and in the process of divorce."

Appellant contends that his cause of action for intentional infliction of emotional distress should have been considered separately from the divorce proceeding. We agree.

Historically, divorce law has resembled tort law. The overlap was most prevalent in the early part of this century when courts placed a heavy emphasis on fault of the parties:

"The divorce decree thus came to resemble a tort judgment, both being granted for the fault of the defendant causing harm to the plaintiff, and both being denied where the plaintiff either consented or was himself at fault. This development was particularly deplor-able since it bore no relation to the causes, consequences and purposes of divorce." 1 Clark, The Law of Domestic Relations in the United States (2 Ed. 1987) 698.

More recently, several courts have held that intentional tort actions between spouses should be considered *independently* from their divorce actions. *Aubert* v. *Aubert* (1987), 129 N.H. 422, 529 A. 2d 909; *Stuart* v. *Stuart* (1987), 140 Wis. 2d 455, 410 N.W. 2d 632; *Heacock* v. *Heacock* (1988), 402 Mass. 21, 520 N.E. 2d 151; *Slansky* v. *Slansky* (Vt. 1988), 553 A. 2d 152. As stated in *Aubert:*

"The purpose of a divorce action is to dissolve the marital relationship and effect a legal separation of man and wife, while a tort action is brought to recover compensation for injuries suffered as a result of a civil wrong." *Id.* at 426, 529 A. 2d at 912.

Clearly, it is inconsistent to combine intentional tort claims with divorce actions since a party to a divorce cannot recover damages. *Id.* See, also, *State, ex rel. Cook,* v. *Cook* (1902), 66 Ohio St. 566, 573, 64 N.E. 567, 569. Whereas, the main objective behind tort litigation is the recovery of damages. *Gates* v. *Brewer* (1981), 2 Ohio App. 3d 347, 349, 2 OBR 392, 394-395, 442 N.E. 2d 72, 75.

Moreover, there is no right to a jury trial in a divorce proceeding. Civ. R. 75(C). Thus, spouses who wish to bring an action in tort separate from their divorce action inadvertently lose their right to a jury trial for the tort claim when a court chooses to combine the two causes of action.

Appellant correctly asserts that nothing would prevent him from bringing an intentional tort claim against an unrelated third person. In *Kobe* v. *Kobe* (1978), 61 Ohio App. 2d 67, 15 O.O. 3d 86, 399 N.E. 2d 124, the court held that a wife could sue her husband after they were divorced for injuries in-

flicted during the marriage.[1] In reaching this conclusion the court noted that:

" '* * * [T]here is no reason why the husband or wife should not have the same remedies for injuries inflicted by the other spouse which the courts would give them against other persons.' " *Id.* at 71, 15 O.O. 3d at 88, 399 N.E. 2d at 126, citing *Brown* v. *Brown* (1914), 88 Conn. 42, 49, 89 A. 889, 892.

We acknowledge, as did the court below, that almost all divorce actions involve some form of emotional distress. Nonetheless, in recognizing the independent tort of emotional distress the Supreme Court of Ohio has specifically stated that the harm involved must be serious. This high burden of proof will help to discourage parties from bringing suits involving ordinary and/or frivolous claims for emotional distress.

We also understand that courts have a strong interest in judicial economy. However, this concern does not outweigh the fact that a domestic relations forum is not the proper forum in which to litigate a tort claim. Accordingly, appellant's sole assignment of error is found well-taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is reversed. This cause is remanded to the trial court for proceedings not inconsistent with this opinion. It is ordered that appellee pay court costs of this appeal.

---

[1] The *Kobe* case was decided in 1978 when the state of Ohio still subscribed to the doctrine of interspousal tort immunity which disallowed tort claims between spouses. The Ohio Supreme Court abolished said doctrine in *Shearer* v. *Shearer* (1985), 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388.

*Judgment reversed.*

HANDWORK, P.J., concurs.

GLASSER, J., dissents.

GLASSER, J. I respectfully dissent from the majority opinion in this case in holding that a tort action for emotional distress arising from a marital relationship can be pursued separately from a domestic relations action.

Unfortunately, emotional distress is often present in less than successful marital relationships. Providing an additional forum for the presentation of testimony of this nature may only serve to prolong and increase the level of emotional trauma without deriving any meaningful benefit.

Justice is best served by limiting this subject matter to the divorce proceedings unless a cause of action for the infliction of physical harm is present.