**Nancy L. SHELAR, Plaintiff,**

v.

**Frederick E. SHELAR, Defendant.**

**No. 3:94CV7529.**

United States District Court,
N.D. Ohio,
Western Division.

Nov. 30, 1995.

Jessica Ruth Christy, Richard M. Kerger, Marshall & Melhorn, Toledo, OH, John L.

Straub, Shumaker, Loop & Kendrick, Toledo, OH, for Nancy Shelar.

Andrew Kevin Ranazzi, Fuller & Henry, Toledo, OH, Martin J. Holmes, Brown, Schlageter, Craig & Shindler, Toledo, OH, for Frederick Shelar.

## MEMORANDUM & ORDER

CARR, District Judge.

This is a diversity tort action between former spouses. Defendant has moved to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that res judicata principles—claim and/or issue preclusion—bar this action. For the following reasons, defendant's motion shall be granted.

### I. *Facts*

Plaintiff filed her complaint on August 19, 1994, in the Lucas County Court of Common Pleas. At the time, she and the defendant were engaged in a pending divorce proceeding in that court's Domestic Relations Division. Her complaint alleges that, "during the pendency of the divorce," defendant intentionally inflicted emotional distress by "concealing his assets, refusing to pay obligations he has previously agreed to meet, directing his counsel to breach agreements previously reached, [and] failing to honor financial commitments" (Complaint ¶ 2).

Defendant removed the action to this court on September 23, 1994. He based this court's jurisdiction on diversity of citizenship, 28 U.S.C. § 1332 (Doc. 1 ¶ 5).

Issues relating to distribution of marital property and spousal support were tried in the divorce proceeding on December 29, 1994 (Doc. 17, Exh. 2 at 1). In that proceeding, the parties stipulated that their marriage ended on August 25, 1992 (Doc. 25 at 3; Doc. 27 at 2). For purposes of her present complaint, plaintiff treats the 1994 trial date as the completion of her divorce. Hence she defines the phrase "pendency of the divorce" in her complaint (the time period during which defendant allegedly tortiously injured her) as August 26, 1992, through December 29, 1994 (Doc. 27 at 2).

On March 21, 1995, the divorce court filed its judgment dividing the Shelars' property and determining spousal support obligations (the equitable-division decree) (Doc. 27, Exh.

2). This judgment awarded plaintiff a portion of marital property worth $426,354, and awarded defendant a portion thereof worth $447,665 (*id.* at 4). It also awarded the parties equal portions of several partnerships (*id.*). Finally, it awarded plaintiff $3,000 per month in spousal support (*id.* at 4, 6). The court refused to award plaintiff any interest in two corporations, Sterling Pipe and Tube and Shelar Investments, because it saw "no evidence that the parties['] assets were invested without plaintiff's knowledge and consent or that the parties['] assets were dissipated" (*id.* at 4–5).

In a Memorandum and Order dated September 13, 1995, I asked the parties to brief issues concerning the equitable-division decree's res judicata effects on plaintiff's complaint in light of recent developments in Ohio law (Doc. 28).

### II. *Jurisdiction*

Federal jurisdiction over plaintiff's complaint is premised on diversity of citizenship. The diversity-jurisdiction statute, 28 U.S.C. § 1332, incorporates a "domestic relations exception," which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 697–701, 703–704, 112 S.Ct. 2206, 2212–13, 2215, 119 L.Ed.2d 468 (1992). In *Ankenbrandt,* however, the Supreme Court held that § 1332 granted a federal district court jurisdiction over a mother's diversity action, brought on behalf of her daughters, to recover for alleged tortious sexual and physical abuse by the girls' father and his companion. *Id.* 504 U.S. at 706, 112 S.Ct. at 2216. Because the plaintiff in *Ankenbrandt* had not sought a divorce, alimony, or child custody decree, the Court stated, her complaint did not fall within the domestic relations exception. Hence the district court had jurisdiction under § 1332. *Id.*

The plaintiff in this case, like the plaintiff in *Ankenbrandt,* seeks damages for tortious conduct. She is not calling on this court to issue a divorce, alimony, or child custody decree. The diversity-of-citizenship and amount-in-controversy prerequisites of § 1332 being otherwise satisfied, this court has jurisdiction. *See Strasen v. Strasen,* 897 F.Supp. 1179, 1182 (E.D.Wis.1995) (court had

jurisdiction over ex-wife's tort claims against ex-husband, because plaintiff did not request divorce, alimony, or child custody decree).

## III. Res Judicata

■ To prevail on her tort claim, plaintiff must prove: (1) defendant intended to cause serious emotional harm, or knew or should have known such harm would result; (2) defendant engaged in extreme or outrageous conduct; (3) such conduct proximately caused plaintiff's injury; and (4) plaintiff suffered serious mental anguish. *Ashcroft v. Mount Sinai Medical Center,* 68 Ohio App.3d 359, 360, 588 N.E.2d 280 (1990). The defendant's extreme or outrageous conduct, as alleged in the complaint, was concealment of assets and refusal to comply with property-division agreements between the parties. Such conduct is alleged to have occurred during the pendency of the divorce proceeding. This lawsuit, therefore, is based on alleged mishandling of marital property prior to entry of the final decree in the divorce proceedings.

Defendant argues that these issues were actually litigated and determined in the divorce proceeding, so that the doctrine of issue preclusion bars relitigation. Alternatively, defendant argues that plaintiff's claim arises out of the same subject matter addressed by the divorce proceeding, so that the doctrine of claim preclusion bars its assertion now.

### A. Ohio Res Judicata Law

■ Because an Ohio court issued the equitable-division decree, this court must, under the full faith and credit provisions of the Constitution and 28 U.S.C. § 1738, apply Ohio's res judicata principles. *Marrese v.*

*American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). The Supreme Court of Ohio recently adopted "the modern application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24–25." *Grava v. Parkman Township,* 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).[1] Consequently, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[2] *Id.*

In *Grava,* the plaintiff sought a zoning certificate for a nonconforming use. Earlier, he had unsuccessfully sought a certificate for the same planned building at the same site. He had asserted then, however, that he was entitled to a variance.

■ The Ohio Supreme Court held that the judgment denying the first request precluded the second request. It was immaterial that Grava based the second request on a different "theory of substantive law." *Id.* at 383, 653 N.E.2d 226. A judgment, the court explained, bars later assertion of "all claims which . . . might have been litigated" in the initial action. *Id.* at 382, 653 N.E.2d 226 (*quoting National Amusements, Inc. v. Springdale,* 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990)). Hence a judgment precludes claims premised on a different legal basis, including claims that "would emphasize different elements of the facts." *Id.* 73 Ohio St.3d at 382–83, 653 N.E.2d 226 (*quoting* Restatement (Second) of Judgments § 24, comm. c at 200). A plaintiff must "present

---

1. The Restatement's § 24(1) provides that when a valid and final judgment is rendered, the "claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or . . . any part of the transaction . . . out of which the action arose." Restatement (Second) Judgments (1982) § 24(1). Section 25(2) states that the claim is thus extinguished even though the plaintiff later seeks "remedies or forms of relief not demanded in the first action." *Id.* § 25(2).

2. Similarly, in *Rettig Enterprises, Inc. v. Koehler,* 68 Ohio St.3d 274, 278, 626 N.E.2d 99 (1994), the Ohio Supreme Court explained that Rule 13(A) of the Ohio Rules of Civil Procedure "requires all existing claims between opposing par-

ties that arise out of the same transaction or occurrence to be litigated in a single lawsuit." To determine whether claims "arise out of the same transaction" depends on whether they have a "logical relation." Multiple claims are thus compulsory counterclaims "where they involve many of the same factual issues, or . . . where they are offshoots of the same basic controversy between the parties." *Id.* (*quoting Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir.1961)). Here, plaintiff's property-based tort claim arises out of the same transaction addressed by the divorce proceeding, namely division of the couple's property. The equitable-division decree and the complaint in this case are, therefore, "offshoots of the same basic controversy."

every ground for relief in the first action, or be forever barred from asserting it." *Id.* at 382, 653 N.E.2d 226 (*quoting National Amusements,* 53 Ohio St.3d at 62, 558 N.E.2d 1178).

■ The Ohio Supreme Court's formulation of res judicata or claim preclusion in *Grava* overruled its contrary pronouncements in *Norwood v. McDonald,* 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67 (1943), and *Whitehead v. General Telephone Co.,* 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10 Syllabus ¶ 2 (1969).[3] *Grava,* 73 Ohio St.3d at 382, 653 N.E.2d 226. The ruling in *Grava* applies retrospectively, because the court did not provide otherwise in its opinion. *See State ex rel. Bosch v. Industrial Commission of Ohio,* 1 Ohio St.3d 94, 98, 1 O.B.R. 130, 438 N.E.2d 415 (1982).

■ In light of *Grava,* I conclude that Ohio law of issue preclusion, which involves another aspect of res judicata, *see* 18 C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure, Jurisdiction § 4402, also would conform to the Restatement. Under the Restatement, the determination of a factual or legal issue in a judgment is conclusive in subsequent litigation if it was "actually litigated and determined," and the determination was essential to the judgment. Restatement (Second) of Judgments § 27.

### B. *Issue Preclusion*

■ In the divorce action, the parties litigated and the court adjudicated issues relating to equitable division of their marital and separate property. These issues included allegations by the plaintiff of concealment and dissipation of assets during the pendency of the marriage. Adjudication of those allegations was essential to the judgment of the divorce court. Indeed, the court noted that "most of the lawyers' time in this case [was] spent in determining where the assets went" (Doc. 27, Exh. 2 at 7).

In its final decree, the court refused to award plaintiff any interest in two corporations, Sterling Pipe and Tube and Shelar

Investments. It did so because it saw "no evidence that the parties['] assets were invested without plaintiff's knowledge and consent or that the parties['] assets were dissipated" (*id.* at 4–5).

Nonetheless, plaintiff contends that the issues she now raises were not actually litigated in the divorce court. By stipulating that the marriage ended on August 25, 1992, she argues, the parties agreed that issues concerning later conduct would not be litigated in that proceeding (Doc. 25 at 3; Doc. 27 at 2). As a result, the divorce court did not address the conduct recited in her complaint in this case, namely, defendant's actions between August 25, 1992, and the end of the divorce proceeding on December 29, 1994.

To some extent, the record appears to contradict plaintiff's assertion (*e.g.,* Doc. 31 at 9–10 (discussing investments in Sterling Pipe "through 1992")). But I cannot conclusively determine from the record whether all issues concerning all alleged concealment and misapplication of property were litigated and necessarily determined. Lacking conclusive evidence, I cannot regard the divorce decree as precluding all issues raised by plaintiff's complaint.

### C. *Claim Preclusion*

1. *The Divorce Court Had to Consider the Voluntary Separation Agreement and Every "Relevant and Equitable" Factor*

■ The Ohio legislature has granted common pleas courts "full equitable powers and jurisdiction appropriate to determination of *all* domestic relations matters." O.R.C. § 3105.011 (emphasis added). It also has granted them "jurisdiction over *all* property in which one or both spouses have an interest." *Id.* § 3105.171(B). In divorce proceedings, Ohio courts "shall . . . divide the marital and separate property equitably between the spouses." *Id.*

When equitably dividing the spouses' property, the court must consider the spouses' assets, any voluntary separation agreement,

---

3. Previously, res judicata did not always bar a subsequent action based upon a different legal theory. *See, e.g., Karam v. Allstate Insurance,* 27 Ohio App.3d 137, 139, 500 N.E.2d 358 (1985) (*citing Whitehead, supra*) (tort judgment did not preclude subsequent contract action "even though each action relates to the same subject matter," because the legal basis for recovery differed).

and "any other factor" that is "relevant and equitable." *Id.* § 3105.171(F). *See also id.* § 3105.18(A), (B), (C)(1)(n) (following equitable division of property, court may award "spousal support" payments by one spouse to the other after considering "any ... factor that the court expressly finds to be relevant and equitable"). If the court finds that one spouse has mishandled property, the court may award the other spouse compensation for the resulting harm:

> If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

O.R.C. § 3105.171(E)(3). A "distributive award" is a court-ordered transfer of one spouse's own separate, *i.e.* non-marital, real or personal property to the other spouse. O.R.C. 3105.17.1(A)(1).

■■■■ Ohio courts take these mandates seriously. They have broad discretion when equitably dividing property, but must address the factors listed in Ohio's divorce statutes. *Bisker v. Bisker,* 69 Ohio St.3d 608, 609, 635 N.E.2d 308 (1994). The amount to which one spouse is entitled "can only be ascertained by a court upon a full hearing of *all* the facts and surroundings concerning the parties." *Cherry v. Cherry,* 66 Ohio St.2d 348, 354, 20 O.O.3d 318, 421 N.E.2d 1293 (1981) (emphasis added). The court cannot ignore damage that one spouse has done to the other's property. *Gibson v. Gibson,* 87 Ohio App.3d 426, 428, 430, 622 N.E.2d 425 (1993). Nor may it ignore dissipation or concealment of assets. *See, e.g., Spychalski v. Spychalski,* 80 Ohio App.3d 10, 18, 608 N.E.2d 802 (1992) ("equity demands that the trial court consider" a spouse's dissipation of assets); *Klitch v. Klitch,* 1995 WL 141617 (Ohio App., 2d Dist., No. 94–CA–42, March 31, 1995) (upholding distributive award for concealment of assets).

I conclude, accordingly, that the divorce court could have considered claims of concealment and misapplication regardless of when they arose. The parties agreed with each other to not litigate claims that arose after August 25, 1992, the stipulated end of their marriage. Nevertheless, if the defendant thereafter engaged in misconduct with regard to the spouses' property, the divorce court was empowered under Ohio law to redress such misconduct in its final decree.

### 2. Plaintiff's Claim Rises Out of a Subject Matter Addressed in the Divorce Proceeding

■■■■ The state court was obligated under Ohio law to determine the marital and separate property owned by the parties. It was then obligated to divide that property equitably while considering any voluntary separation agreement and every "relevant and equitable" factor. This is a broad mandate, conferring broad equitable power to fairly allocate property between divorcing spouses. This breadth suggests that the divorce proceeding was the proper place to litigate *all* issues and claims related to property division. In other words, a divorce judgment equitably dividing the spouses' property may, under Ohio law, preclude later claims alleging wrongful withholding of property during the divorce.[4]

■■■■ Whether a divorce court's decree has such preclusive effects must be determined using the same-transaction test set forth in *Grava, supra. Cf.* Schepard, "Divorce, Interspousal Torts, and Res Judicata," 24 Fam.L.Q. 127, 142 (noting trend toward treating divorce judgments as any other judgments for res judicata purposes, and thus broadly applying the Restatement's "same-transaction test"). An action is barred if it is "based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava,* 73 Ohio St.3d at 382, 653 N.E.2d 226.

---

4. Plaintiff does not assert that she and defendant expressly agreed that she could split her cause of action. Although courts normally acquiesce when the parties *expressly* agree to split a single cause of action, *Keith v. Aldridge,* 900 F.2d 736, 740 (4th Cir.1990) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, Jurisdiction § 4415 at 124), claim preclusion will apply where no agreement clearly reveals the parties' intent. *Medina v. Wood River Pipeline Co.,* 809 F.2d 531, 534 (8th Cir.1987). Here, the parties' stipulation of the date when the marriage ended did not manifest express authority by defendant for plaintiff to later raise other claims arising from the same subject matter.

A "transaction or occurrence" encompasses that which shares a "common nucleus of operative facts." *Id.* (*quoting* Restatement (Second) of Judgments § 24, comm. b at 198–99).

Plaintiff's present claim arises out of the same common nucleus of operative facts that formed the divorce proceeding's subject matter. The subject matter of that proceeding was the marriage and its breakdown. The common nucleus of facts that the court had to address encompassed both what property the couple owned and how they shared, or did not share, that property during their divorce. *See* O.R.C. §§ 3105.01 (listing grounds for divorce), 3105.17.1(B), (F)(6) (mandating that court equitably divide *all* the couple's property, considering any voluntary separation agreement and *all* "relevant and equitable" factors), 3105.18 (allowing court to award spousal support after considering any "relevant and equitable" factor).

Here, similarly, plaintiff alleges that defendant hurt her during the divorce by wrongfully withholding property to which she was entitled by the marriage and by the couple's voluntary property-division agreements. Therefore, I initially would have to determine what property the couple owned and who was entitled to what. This is precisely what Ohio law obligated the divorce court to do. It had to consider the parties' voluntary agreements and *every* "relevant and equitable" factor. Defendant's alleged breach of the couple's agreements and concealment of its property cannot be relevant now unless it was a "relevant and equitable" factor then. Therefore, Ohio law obligated plaintiff to object to that conduct then or not at all. It does not allow her, by stipulation, to decline to litigate such factual allegations in the divorce proceeding in order to litigate them in another forum later.

In short, plaintiff's complaint arises solely out of the same common nucleus of facts that the divorce proceeding addressed. It also rests exclusively on factual allegations that were relevant to, and thus an obligatory part

of, that proceeding. Consequently, the equitable-division decree bars plaintiff's complaint.

### 3. *The Tort Basis of the Claim Does Not Prevent Preclusion*

 Plaintiff argues that a tort claim cannot be barred by a divorce judgment. Claim preclusion, however, is not defeated by assertion of an "alternate legal theory." *Grava, supra,* 73 Ohio St.3d at 383, 653 N.E.2d 226. On the other hand, plaintiff notes that tort and divorce actions have different purposes, procedures, and remedies. A divorce proceeding, unknown to the common law, is created and governed by statute, and a party has no right to a jury trial. *Gibson, supra,* 87 Ohio App.3d at 428, 622 N.E.2d 425; Ohio R.Civ.P. 75(C). Nor can the party recover damages. *Gibson,* 87 Ohio App.3d at 428, 622 N.E.2d 425 (court in divorce proceedings has no "authority to enter a judgment for damages").

 Generally, therefore, "a domestic relations forum is not the proper forum in which to litigate a tort claim." *Koepke v. Koepke,* 52 Ohio App.3d 47, 49, 556 N.E.2d 1198 (1989). Accordingly, several courts have held that a divorce decree does not bar a tort action between the former spouses for alleged tortious physical and verbal abuse.[5] *See id.* at 48, 556 N.E.2d 1198. *See also, e.g., Henriksen v. Cameron,* 622 A.2d 1135, 1140 (Me.1993) (noting that "Maine courts are prohibited from considering fault in dividing marital property" and that a divorce judgment "provides no compensatory relief"); *Heacock v. Heacock,* 402 Mass. 21, 520 N.E.2d 151, 153 (1988) (in Massachusetts, division of property in divorce proceedings is not intended to compensate a spouse for the other's misconduct); *McCoy v. Cooke,* 165 Mich.App. 662, 419 N.W.2d 44 (1988). *But see Twyman v. Twyman,* 855 S.W.2d 619, 624–25 (Tex.1993) (a tort claim not asserted in a divorce proceeding is "subject to the principles of res judicata"); *Tevis v. Tevis,* 79

---

**5.** *Kobe v. Kobe,* 61 Ohio App.2d 67, 399 N.E.2d 124 (1978), suggests that Ohio courts likewise would hold that a divorce judgment does not bar an intentional tort claim based on one spouse's physical abuse of the other. The court in *Kobe* reversed dismissal of a woman's action against

her ex-husband that sought damages in tort for his severe beating of her during their common-law marriage. The couple had obtained a divorce judgment, but the court did not address res judicata and expressly limited its holding to the facts before it.

N.J. 422, 400 A.2d 1189, 1196 (1979) (endorsing "single-controversy doctrine," under which divorce judgment barred tort claim based on assault).

These decisions, however, pertained to claims for recovery based on physical and verbal abuse. Hence they are distinguishable from plaintiff's tort claim for injuries from concealment of assets and failure to honor voluntary property-division agreements. Divorce courts cannot adjudicate disputes of fact about abusive mistreatment of one spouse by the other. But they can, and indeed must, adjudicate factual disputes regarding division of the couple's property. Therefore, a divorce judgment bars, for example, a conversion claim that "arose out of the same factual grouping as the claims in the divorce action." *Partlow v. Kolupa*, 122 A.D.2d 509, 504 N.Y.S.2d 870, *aff'd*, 69 N.Y.2d 927, 516 N.Y.S.2d 632, 509 N.E.2d 327 (1987).

In this case, plaintiff alleges injury from misconduct that she could and should have had adjudicated in the divorce court. Ohio law authorizes and intends the divorce court to address and remedy allegations of misconduct relating to marital property. As a result, the divorce decree properly effects claim preclusion here.

The opinion in *Koepke, supra,* does not suggest otherwise. The court in that case did not address either issue or claim preclusion. Rather, it addressed a failure to exercise jurisdiction. The court in *Koepke* likewise addressed one spouse's allegations of intentional infliction of emotional distress in a divorce proceeding: The wife's divorce complaint contained an "untimely revelation" that the husband was not the child's father. The common pleas court dismissed the complaint, but not due to any prior judgment. Instead, it did so because a divorce proceeding was pending and, the court reasoned, the allegations "can and should be considered in the divorce litigation." *Id.* 52 Ohio App.3d at 48, 556 N.E.2d 1198. The appellate court reversed. Ohio law recognizes the tort alleged, it noted, and the common pleas court has jurisdiction over tort actions. No court had yet ruled on any aspect of the divorce, so there was no basis for dismissal.

After *Koepke,* another Ohio appellate court decision, *Gibson, supra,* held that divorce proceedings must address and remedy property-related wrongful conduct. This indicates that a separate tort action based on such conduct is superfluous. In *Gibson,* the court overturned an $1,800 "judgment for damages" rendered in a divorce proceeding after one spouse vandalized the other's truck. This judgment was error, but one of nomenclature only. Ohio statutes do not authorize a judgment for damages in a divorce proceeding, the appellate court held. Nevertheless, it added, the divorce court should have remedied the injury through the equitable division of property. The appellate court remanded with orders to render "a division of the parties' property that takes into account the $1,800 in damage done." *Gibson,* 87 Ohio App.3d at 430–31, 622 N.E.2d 425.

Judge Grey, concurring in part and dissenting in part, agreed with this conclusion. Noting that O.R.C. § 3105.171 requires equitable division of property in divorce actions and allows a court to compensate one spouse for the other's financial misconduct, he wrote:

> The purpose of any lawsuit is to resolve issues, even a divorce action. To allow one party to destroy or waste marital property and to then require the injured party to seek redress in an entirely separate action would only compound the many vexatious, bruising divorce battles. Divorcing couples who seek vengeance cause enough problems without us encouraging that kind of conduct. The only way to stop destruction, concealment or waste of marital assets is to order that it come out of the malefactor's share of the division of property.

87 Ohio App.3d at 435–36, 622 N.E.2d 425. *Cf. Twyman, supra,* 855 S.W.2d at 625 (Tex. 1993) ("Resolving both the tort and divorce actions in the same proceeding avoids two trials based at least in part on the same facts, and settles in one suit 'all matters existing between the parties.'"); *Giovine v. Giovine,* 284 N.J.Super. 3, 663 A.2d 109, 112 (N.J.Super.Ct.App.Div.1995) (*citing Tevis, supra* ) ("If circumstances surrounding a domestic tort and a claim for monetary dam-

ages are relevant to a divorce proceeding, the domestic tort must be joined with the divorce proceeding under the 'single controversy doctrine' in order to avoid protracted, repetitious and fractionalized litigation.").

The divorce proceeding to which plaintiff was a party offered a full and fair opportunity to litigate the factual allegations on which her present complaint depends. *Cf. Grava, supra,* 73 Ohio St.3d at 383, 653 N.E.2d 226 (preclusion was fair, because plaintiff had already "had a full and fair opportunity to present his case"). Such allegations were material and within the divorce court's jurisdiction. She did not pursue that opportunity; instead, she elected to file a separate lawsuit. Though plaintiff could not have obtained a judgment for damages in the divorce court, she could have litigated all of the factual allegations she now raises, and that court could have remedied her injury. *Cf. id.* (plaintiff "failed to avail himself of all available grounds for relief in the first proceeding"). To allow plaintiff to litigate those allegations now would undermine Ohio's statutory divorce scheme and weaken the finality of judgments reached by Ohio's divorce courts. *Cf. id.* (applying claim preclusion in such circumstances "establishes certainty in legal relations and individual rights, accords stability to judgments, and promotes the efficient use of limited judicial ... time and resources").

Maintaining the integrity of Ohio's divorce scheme and the finality of divorce court judgments serves litigants, potential litigants, and courts alike. In contrast, allowing a party disgruntled by a judgment to restart litigation elsewhere, through a change in pleading nomenclature, would encourage splitting of claims, forum shopping, and increased litigation. *See* Schepard, *supra,* 24 Fam.L.Q. at 142 (broadly applying res judicata effects to divorce judgments serves judicial economy and repose). Such permissiveness and tolerance for multiplicity of litigation would, moreover, arm divorcing spouses with another weapon to use to harass one another. That would serve no one's interest.

With respect to the factual allegations on which plaintiff bases her present tort claim, plaintiff has had an opportunity for her day in court. Ohio law does not entitle her to another opportunity to be heard with regard to those same allegations.

For these reasons, it is

**ORDERED THAT** defendant's motion to dismiss is granted.

**So ordered.**