[Cite as *Barton. v. Barton*, 2016-Ohio-5264.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| DOUGLAS C. BARTON | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2015-CA-53 |
| | : | |
| v. | : | Trial Court Case Nos. 2013-DR-207, |
| | : | 2013-DV-193, and 2013-DV-196 |
| KEESHA A. BARTON | : | |
| | : | (Domestic Relations Appeal) |
| *Defendant-Appellee* | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 5th day of August, 2016.

. . . . . . . . . .

DOUGLAS C. BARTON, 437 Warwick Place, Fairborn, Ohio 45324
        Plaintiff-Appellant-Pro Se

ANDREW H. JOHNSTON, Atty. Reg. No. 0088008, 215 West Water Street, P.O. Box 310, Troy, Ohio 45373
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-Appellant, Douglas C. Barton, appeals pro se from a restraining order entered against him by the Greene County Court of Common Pleas, Domestic Relations Division. Barton also appeals from the domestic relations court's decision overruling his pro se Civ.R. 60(B) motion for relief from judgment. As part of that motion, Barton asserted several claims of alleged fraud and misconduct by his now ex-wife, Keesha Barton; both of their respective attorneys; the judges, magistrates, and court personnel of the domestic relations court; this court; and the Supreme Court of Ohio. Barton further demanded a jury trial and raised claims for breach of contract, intentional infliction of emotional distress, wrongful death, spoliation, and various damages. For the reasons outlined below, the domestic relations court's judgment issuing a restraining order against Barton will be vacated; however, the judgment overruling Barton's Civ.R. 60(B) motion and jury demand will be affirmed.

### Facts and Course of Proceedings

{¶ 2} This case originated from a complaint for divorce filed by Barton in Case No. 2013 DR 0207, as well as from reciprocal petitions for domestic violence civil protection orders filed by Barton and his then wife in Case Nos. 2013 DV 0193 and 2013 DV 0196.

{¶ 3} With respect to the domestic violence actions, on April 30, 2014, after a full hearing, the domestic relations court found that Barton and his wife each engaged in a pattern of conduct that caused them to fear imminent harm or danger from the other and issued reciprocal civil protection orders pursuant to R.C. 3113.31 that was to last for five years. Barton subsequently appealed from the civil protection order entered against him

in Case No. 2013 DV 0193.   On September 23, 2015, we reversed the civil protection order against Barton, finding there was insufficient evidence that Barton placed his wife in fear of imminent, serious physical harm by force or threat of force.   *See Barton v. Barton*, 2d Dist. Greene No. 2014-CA-21, 2015-Ohio-3869, ¶ 1.

{¶ 4} With respect to the divorce action, on September 12, 2014, the domestic relations court issued a final judgment and decree of divorce that divided the parties' assets and ordered Barton to pay his wife $6,000 in spousal support over a period of 12 months, as well as $4,500 in attorney fees.   Barton appealed from the final decree of divorce; however, on March 31, 2015, this court dismissed the appeal when Barton failed to file a proper appellate brief as required by App.R. 16(A) and Loc.App.R. 2.2.[1]

{¶ 5} After his appeal was dismissed, on August 11, 2015, Barton's now ex-wife filed a motion to show cause with the domestic relations court alleging that Barton had not paid the attorney fees as ordered by their divorce decree.   A hearing on the motion was scheduled for October 15, 2015.   Meanwhile, Barton filed a pro se affidavit of disqualification with the Supreme Court of Ohio in an attempt to disqualify the domestic relations court judge, Judge Hurley, and the retired judge who was sitting by assignment, Judge Campbell, from presiding over Barton's domestic relations cases.   The Supreme Court denied Barton's affidavit of disqualification on August 17, 2015.   The next day, Judge Campbell issued an order recusing himself from any further participation in

---

[1] Our record of the appeal in Case No. 2013 DR 0207 indicates that Barton filed a merit brief that exceeded the court's page limitation of 25 pages.  We subsequently struck Barton's brief, but provided him 20 days to file another brief in compliance with App.R. 16(A) and Loc.App.R. 2.2, with the exception that he may file a brief not to exceed 35 pages.  Barton then filed a response stating that 35 pages was insufficient and that he refused to reformat his original brief.  We ultimately dismissed Barton's appeal for his failure to file a merit brief within the allotted time frame.

Barton's cases.

{¶ 6} Just prior to Judge Campbell's recusal, on August 13, 2015, Judge Hurley issued a restraining order on the court's own motion that prohibited Barton from "personally contacting Judge Campbell by any means, including but not limited to personal contact, electronic contact, third party contact on [Barton's] behalf, by any form of United States mail, or any other form of mail delivery, or by telephone." The order advised that any such contact would be viewed as contempt of court that could result in sanctions. There was no hearing on the matter and no record was made of the specific reason(s) for the restraining order. Barton filed a notice of appeal from the restraining order on September 10, 2015.

{¶ 7} On the same day he filed his notice of appeal, Barton, again acting pro se, filed a 55-page Civ.R. 60(B) motion for relief from judgment that included a 79-page supporting document. Although difficult to discern, this motion represents Barton's attempts to request relief from the final decree of divorce in Case No. 2013 DR 0207, the civil protection order issued against him in Case No. 2013 DV 0193 (a decision that we later reversed in his favor), and certain actions taken during the civil protection order proceedings he instituted against his wife in Case No. 2013 DV 0196.

{¶ 8} As part of his motion, Barton asserted several claims of alleged fraud and misconduct by his ex-wife; their respective attorneys; the judges, magistrates, and court personnel of the domestic relations court; this court; and the Supreme Court of Ohio. Barton also demanded a jury trial and raised claims for breach of contract, intentional infliction of emotional distress, wrongful death, spoliation, and various damages.

{¶ 9} On September 15, 2015, the domestic relations court issued a written

decision overruling Barton's motion for relief from judgment. Thereafter, Barton requested leave from this court to amend his notice of appeal from the restraining order to include both the restraining order and the domestic relations court's decision overruling his motion for relief from judgment. We granted Barton's request and accepted his amended notice of appeal as filed.

{¶ 10} On appeal, Barton has raised 16 assignments of error for our review that generally allege the domestic relations court: (1) erred in issuing the restraining order against him without holding a hearing; (2) abused its discretion in overruling his Civ.R. 60(B) motion for relief from judgment; (3) erred in denying him a jury trial; and (4) violated several provisions of the Ohio Code of Judicial Conduct. We address each of these issues more fully below. However, prior to addressing these issues, we find it necessary to note that "pro se litigants are held to the same standards as other litigants." *Cox v. Oliver*, 2d Dist. Montgomery No. 26515, 2015-Ohio-3384, ¶ 20. In turn, acting pro se " 'is neither excusable neglect nor any other reason justifying relief from judgment. A party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel.' " *Rayess v. McNamee*, 2d Dist. Montgomery No. 26543, 2015-Ohio-3163, ¶ 13, quoting *Ragan v. Akron Police Dept.*, 9th Dist. Summit No. 16200, 1994 WL 18641, * 3 (Jan. 19, 1994).

## 1. The restraining order was not issued through any of the lawful procedures provided for by Ohio law and is overly broad.

{¶ 11} As previously noted, the domestic relations court, on its own motion, issued a generic restraining order in all three of Barton's domestic relations cases that prohibited

Barton from contacting Judge Campbell for an unspecified period of time. The record indicates that the restraining order was entered against Barton just two days after he filed his affidavit of disqualification with the Supreme Court of Ohio. Barton alleges that the restraining order was issued in response to him serving Judge Campbell a copy of the affidavit of disqualification by mail, as required by S.Ct.Prac.R. 3.11. However, neither the record nor the restraining order provide the domestic relations court's specific reason(s) for issuing the restraining order.

{¶ 12} After reviewing the restraining order, we find that it was not issued through any of the procedures provided for by Ohio law, i.e., Civ.R. 75, Civ.R. 65.1, or R.C. 2903.214. Also, we note that the restraining order was issued by Judge Hurley, who at the time, was not the acting judge on Barton's cases. Nevertheless, we find that the nature of the restraining order was, in essence, a means of preventing Barton from engaging in ex parte communications with Judge Campbell, which Barton was not permitted to do with or without the issuance of the restraining order. While in that respect we find no prejudice arising from the restraining order, once Judge Campbell recused himself from Barton's cases, the restraining order, which had no temporal limitation, continued to exist and prohibited more than just ex parte communications. Accordingly, the restraining order is overly broad and is hereby vacated.

## 2. The trial court did not abuse its discretion in overruling Barton's Civ.R. 60(B) motion.

{¶ 13} "Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling 'will not be disturbed on appeal

absent a showing of abuse of discretion.' " *Jackson v. Hendrickson*, 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶ 28, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 14} "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. Civ.R. 60(B) "does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." (Citation omitted.) *Id.* at ¶ 15.

{¶ 15} "To succeed on a motion for relief from judgment under Civ.R. 60(B), a movant must establish (1) a meritorious defense or claim to present, in the event that relief from judgment is granted, (2) entitlement to relief under one of the provisions in Civ.R. 60(B)(1) through (5), and (3) compliance with the rule's time requirements." *Id.* at ¶ 11, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. These requirements are independent and in the conjunctive, thus a party cannot succeed on a Civ.R. 60(B) motion unless all three requirements are satisfied. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d

914 (1994), citing *GTE* at 151.

{¶ 16} The movant must allege sufficient operative facts demonstrating entitlement to relief under Civ.R. 60(B). *Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2d Dist. Montgomery No. 24685, 2012-Ohio-1096, ¶ 55. "Broad, conclusory statements do not satisfy the requirement that a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment." (Citations omitted.) *GMAC Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, 937 N.E.2d 1077, ¶ 32 (2d Dist.).

{¶ 17} As pertinent to this case, subsections (3) and (5) of Civ.R. 60(B) permit relief from judgment for the following reasons:

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(5) any other reason justifying relief from the judgment.

{¶ 18} The fraud contemplated in Civ.R. 60(B)(3) is fraud or misrepresentation that occurs between adverse parties. *Stamps v. Stamps,* 2d Dist. Montgomery No. 10462, 1987 WL 19903, *2-3 (Nov. 5, 1987), citing *Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983). In determining the existence of fraud by an adverse party, the movant must prove the elements of fraud. *GMAC at* ¶ 37. In an action for fraud, the plaintiff must prove each of the following elements: (1) a representation, which; (2) is material to the transaction at hand; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation; and (6) a resulting injury proximately caused by the reliance. *Id*. "[T]he fraud must be material to obtaining a judgment, not fraud or misconduct upon which a defense was or could have been based." *Id*. "Fraud on an adverse party may exist

when, for example, a party presents material false testimony at trial, and the falsity is not discovered until after the trial." *Id.*, citing *Seibert v. Murphy*, 4th Dist. Scioto No. 02CA2825, 2002-Ohio-6454.

{¶ 19} On the other hand, "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." *Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30, 2008-Ohio-2597, ¶ 14. "A court may 'utilize this provision to vacate a judgment vitiated by a fraud upon the court. Fraud upon the court differs from Rule 60(B)(3) fraud or misrepresentation by an adverse party. Fraud upon the court might include, for example, the bribing of a juror, not by the adverse party, but by some third person.' " *Id.*, quoting Staff Note, Civ.R. 60(B); *Hartford v. Hartford*, 53 Ohio App.2d 79, 83-84, 371 N.E.2d 591 (8th Dist.1977) ("While no precise definition of fraud upon the court is possible, we believe, like most courts considering the matter, that the term as used in regard to obtaining relief from judgment must be narrowly construed to embrace only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding cases presented in an impartial manner."). "Examples of fraud on the court justifying relief from judgment would include such 'egregious misconduct' as bribery of a judge or jury, or fabrication of evidence by counsel * * * or the prevention of an opposing party from fairly presenting his case." (Citations omitted.) *Hartford* at 84. "[T]he trial court is best able to determine whether a fraud has been perpetrated upon it. Consequently, the trial court's determination of the issue is entitled to great weight[.]" *Id.* at 85.

{¶ 20} Barton's motion for relief from judgment alleges several claims of "fraud

upon the court" committed by his ex-wife, 13 officers of the court, this court, and the Supreme Court of Ohio. Although the fraud allegedly committed by his ex-wife would be considered a claim of fraud by an adverse party under Civ.R. 60(B)(3), the majority of Barton's claims involve alleged fraud upon the court by court officials, all of which fall under Civ.R. 60(B)(5).

{¶ 21} Due to the large number of claims in Barton's motion, we have summarized his claims of fraud against specific individuals in the table below for purposes of expedience and clarity.

| **Individual** | **Alleged Fraudulent Conduct** |
|---|---|
| Keesha Barton | 1. Filing a petition for domestic violence CPO in Case No. 2013 DV 0193 after she allegedly agreed with Barton to cease any further action against him and to fully perform their antenuptial agreement in exchange for certain promises from Barton.<br>2. Causing wrongful death of D.C.B. by failing to store, secure, and provide him with prescription medication.<br>3. Obtaining a fraudulent title and vehicle registration for a 2005 KZ Toy Hauler that Barton claims belonged solely to him.<br>4. Filing an affidavit containing false information about the Toy Hauler and Barton's health and life insurance policy coverage.<br>5. Withholding/destroying antenuptial agreement.<br>6. Misrepresenting to the court during divorce action that she lost her promotion with the United States Air Force. |
| Judge Hurley | 1. Issuing a restraining order that prohibited Barton from contacting Judge Campbell.<br>2. Failing to properly calculate a stay of proceedings that Barton requested under the Service Members Civil Relief Act in Case No. 2013 DV 0196.<br>3. Withdrawing a previously granted continuance of a hearing on Keesha's motion to dismiss the domestic violence civil protection order issued in Case No. 2013 DV 0196 due to court error. |

| | |
|---|---|
| | 4. Issuing a local rule of the court that requires a compliance officer to review court filings, i.e., D.R. Rule 5.05.<br>5. Failing to properly supervise the domestic relations court magistrates and failing to institute proper policies and safeguards to ensure protection of civil rights and due process.<br>6. Presiding over Barton's cases after transferring them to Judge Campbell. |
| Judge Campbell | 1. Failing to immediately dismiss Case No. 2013 DV 0193 as a result of Barton not receiving a full hearing on the petition for CPO within 10 days as required by R.C. 3113.31.<br>2. Prohibiting evidence of Keesha's behavior at the domestic violence CPO hearing.<br>3. Ignoring Barton's claims of fraudulent acts by Keesha and her attorney in the divorce action.<br>4. Ignoring antenuptial agreement when rendering divorce decree.<br>5. Awarding property to Keesha that was separate property prior to the marriage.<br>6. Awarding spousal support based on an unsupported claim that Keesha lost a promotion.<br>7. Awarding attorney fees to Keesha in divorce action. |
| Magistrate Martin | 1. Issuing a TPO against Barton in Case No. 2013 DV 0193.<br>2. Permitting a continuance of the full hearing on the domestic violence CPO in Case No. 2013 DV 0193. |
| Magistrate Combs | 1. Failing to act on Barton's claims of due process violations concerning Case No. 2013 DV 0193 during a hearing on Case No. 2013 DV 0196. |
| Sheri Hall<br>(Court Officer) | 1. Informing Barton on December 4, 2013, that the full hearing on the petition for domestic violence CPO in Case No. 2013 DV 0193 would be continued and recommending that Barton get an attorney when he complained that he was supposed to have a full hearing within 10 days. |
| Thomas Muhleman<br>(Process Server) | 1. Serving Barton with a Motion for Immediate Hearing, Notice to Take Deposition, Motion for an Order of Immediate Return and Other Relief, Motion |

| | for Attorney Fees with Notice, Motion/Entry appointing process server. |
|---|---|
| Brian Penick (Attorney for Keesha Barton) | 1. Entering into an agreement with Barton during a pretrial conference that he would have Keesha fully perform the antenuptial agreement in exchange for certain promises from Barton. 2. Failing to file a notice of appearance of counsel in Case 2013 DV 0193 and 2013 DR 0207. 3. Filing motion for continuance in domestic violence CPO case 2013 DV 0193 and preventing full hearing on petition for CPO within 10 days. |
| Charles Slicer (Attorney for Keesha Barton) | 1. Coercing Barton into allowing his attorney, Thomas Blaschak, to withdraw as his counsel during the April 14, 2014 hearing on the domestic violence cases. 2. Filing several false affidavits and motions in the divorce action. 3. Misrepresenting to the court that the Toy Hauler was jointly titled when Barton claims it was titled solely in his name. 4. Harassing Barton with discovery requests when the information sought to be discovered had allegedly already been disclosed by Barton. 5. Filing a motion for attorney fees that Barton claims is "false." 6. Misrepresenting that Keesha was covered by Barton's health and life insurance policies. 7. Misrepresenting knowledge of the antenuptial agreement. 8. Failing to produce/concealing antenuptial agreement. 9. Lying on certificate of service that he caused service of a motion to dismiss on Barton. |
| Dalma Grandjean (Attorney for Keesha Barton) | 1. Attempting to extort Barton by proposing certain agreements in connection with the parties' prior actions. |
| Anthony Lush (Attorney for Keesha Barton) | 1. Failing to file a notice/motion to withdraw as counsel. |
| David McNamee | 1. Failing to provide Barton with the antenuptial agreement when requested. |

| (Attorney for Keesha Barton) | 2. Providing false evidence as an expert at the hearing on motion for attorney fees in divorce action. |
|---|---|
| Thomas Blaschak (Attorney for Barton) | 1. Failing to properly file divorce action by failing to inform the court of the antenuptial agreement. <br> 2. Failing to subpoena the antenuptial agreement from Keesha and her attorney. |
| Charles Morrison (Attorney for Barton) | 1. Failing to file motions as directed by Barton; specifically an objection to his deposition being taken in the divorce action. <br> 2. Failing to subpoena the antenuptial agreement from Keesha and her attorney. |

**{¶ 22}** After thoroughly reviewing Barton's motion for relief from judgment and the aforementioned claims therein, we find that the trial court did not abuse its discretion in overruling the motion. Barton's motion fails to allege a meritorious claim or defense to present in the event that relief is granted and his various allegations of fraud do not entitle him to relief.

**{¶ 23}** Barton's claims of fraud against his ex-wife could have been raised in either the prior appeal from his domestic violence civil protection order in Case No. 2013 DV 0193 (a decision we reversed in his favor), or in the appeal from his final decree of divorce in Case No. 2013 DR 0207, which Barton failed to prosecute. Accordingly, those claims are barred by res judicata. *See Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040 at ¶ 15-16.

**{¶ 24}** Barton also incorrectly characterized the wrongful death claim against his ex-wife as a claim of fraud, and the domestic relations court correctly indicated that it does not have jurisdiction to hear such a claim. *Lisboa v. Karner*, 167 Ohio App.3d 359, 2006-Ohio-3024, 855 N.E.2d 136, ¶ 6-7. ("If the matter is not primarily a domestic relations

matter, then the domestic relations court does not have jurisdiction under R.C. 3105.011."); R.C. 2301.03(O) (providing that judges of the Greene County domestic relations division "shall be assigned all divorce, dissolution of marriage, legal separation, annulment, uniform reciprocal support enforcement, and domestic violence cases and all other cases related to domestic relations, except cases that for some special reason are assigned to some other judge of the court of common pleas").

{¶ 25} Barton's claims of fraud upon the court by the various court officers also fail because those claims were either: (1) resolved by our decision reversing the civil protection order against Barton in Case No. 2013 DV 0193; (2) fail on the basis of res judicata for failing to raise the issue in his prior appeals; or (3) simply fail to allege sufficient operative facts that show a fraud upon the court was committed. A large portion of Barton's claims consist of either broad conclusory statements or conduct that is simply not egregious, does not defile the court, nor interrupt the judicial system from functioning in the customary manner. Moreover, Barton's claim that Judge Hurley committed a fraud upon the court by issuing the restraining order against him has already been resolved under Barton's first argument, as we found the restraining order was overly broad. Such a mistake, however, does not warrant relief from the final decree of divorce.

{¶ 26} In addition to his claims of fraud, Barton raises a "motion" for breach of contract, intentional infliction of emotional distress, spoliation, and damages. It appears as though Barton is attempting to commence an action on these claims by way of his 60(B) motion. This is improper, as the correct vehicle for commencing a civil action is by filing a complaint. *See* Civ.R. 3(A).

{¶ 27} Moreover, a domestic relations forum is generally not the proper forum in

which to litigate tort claims. *Koepke v. Koepke*, 52 Ohio App.3d 47, 49, 556 N.E.2d 1198 (6th Dist.1989); *Howard v. Pharis-Rine*, 5th Dist. Licking No. 08 CA 00114, 2009-Ohio-3981, ¶ 16. "Clearly, it is inconsistent to combine intentional tort claims with divorce actions since a party to a divorce cannot recover damages." *Koepke* at 48; *Howard* at ¶ 16. Furthermore, a portion of Barton's tort claims are against court officials who are not parties to the domestic relations actions at issue. "Any collateral claims must be brought in a separate action in the appropriate court or division when the claim involves the determination of the rights of a third party." (Citations omitted.) *Lisboa* at ¶ 6.

{¶ 28} Barton also alleged that this court and the Supreme Court of Ohio committed fraud upon the court. Specifically, Barton claims this court committed fraud by failing to consider and take action on the fraud claims he raised in his prior appeals from the civil protection order and divorce decree, as well as by dismissing his appeal from the divorce decree. As a result, Barton is essentially attempting to use a Civ.R. 60(B) motion for relief from judgment to challenge our decisions on his prior appeals. This is improper, as the correct way to challenge those decisions is through an appeal to the Supreme Court of Ohio and those matters are barred by the doctrine of res judicata. The various claims of fraud Barton alleged against the Supreme Court of Ohio are also not cognizable in a Civ.R. 60(B) motion.

{¶ 29} For the foregoing reasons, Barton's multiple assignments of error claiming that the domestic relations court abused its discretion in overruling his motion for relief from judgment are overruled.

**3. Barton has no right to a jury trial.**

{¶ 30} In addition to the foregoing claims, Barton included a demand for a jury trial in his Civ.R. 60(B) motion and contends that the domestic relations court violated his constitutional rights by failing to provide him with one. However, the court correctly indicated that pursuant to Civ.R. 75(C), there is no right to a jury trial in domestic relations court. *Robinson v. Robinson*, 2d Dist. Montgomery No. 17562, 1999 WL 1082656, * 4 (Dec. 3, 1999). Accordingly, Barton's claim to the contrary lacks merit and is overruled.

### 4. This court is without jurisdiction to review Barton's claims of judicial misconduct.

{¶ 31} Finally, Barton claims that in issuing its decisions, the domestic relations court judges violated several provisions of the Ohio Code of Judicial Conduct. The Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio has exclusive jurisdiction over the alleged misconduct of judges. Gov.Bar.R. V(2)(A); *Brown v. Weidner*, 3d Dist. Seneca No. 13-06-08, 2006-Ohio-6852, ¶ 17-18. Thus, the proper method by which to raise such allegations is by a grievance filed before the Board of Commissioners on Grievances and Discipline, not by a brief filed before this court. *Madison Cty. Bd. Of Commrs. V. Bell*, 12th Dist. Madison No. CA2005-09-036, 2007-Ohio-1373, ¶ 15. Therefore, Barton's judicial misconduct claims are overruled.

### Conclusion

{¶ 32} The restraining order prohibiting Barton from contacting Judge Campbell is vacated. However, the domestic relations court's decision overruling Barton's Civ.R. 60(B) motion and the accompanying jury demand is affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Douglas C. Barton
Andrew H. Johnston
Hon. Steven L. Hurley
Hon. J. Timothy Campbell
Hon. David E. Stucki