**BLYMILLER, Appellant,**

v.

**BLYMILLER, Appellee.**

[Cite as *Blymiller v. Blymiller* (1996), 111 Ohio App.3d 644.]

Court of Appeals of Ohio,
Seventh District, Carroll County.

No. 666.

Decided June 13, 1996.

---

*Allen G. Carter, Sr.,* for appellant.

*Donald R. Burns, Jr.,* for appellee.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Robert Blymiller, appeals from an order of the Carroll County Common Pleas Court granting summary judgment in favor of defendant-appellee, Juanita Blymiller, on appellant's complaint of fraud and conversion against appellee for wrongful conversion of appellant's military pension checks. The trial court based its decision on the grounds of *res judicata* from the parties' divorce of the preceding year.

On June 23, 1995, appellant filed his complaint alleging that appellee, his ex-wife, during a period while the parties were still married, forged his name on his pension checks and wrongly converted the sum of $6,307.89. Prior to his marriage to appellee, appellant was receiving military pension checks from the Air Force. It was alleged that from March 1994 through October 1994, the appellee forged appellant's name on the pension checks and cashed them for her use.

Appellee's complaint for divorce was filed on September 30, 1994. Appellant filed a counterclaim on October 3, 1994. As part of the final judgment of divorce entered on December 12, 1994, the trial court ordered:

"Furthermore, defendant shall be entitled to retain as his own his Air Force Retirement Benefits, free and clear of any claim of wife."

Appellant's counterclaim made no issue as to the converted funds and the divorce decree does not address them. From the grant of summary judgment dismissing the complaint in fraud and conversion, appellant brings this appeal.

The sole assignment of error presented is:

"The trial court abused its discretion and erred to the prejudice of the appellant when it granted summary judgment to the appellee based on the doctrine of *res judicata.*"

At issue is whether the claim for fraud and conversion should have been addressed in the domestic relations proceeding. Appellant cites *Koepke v. Koepke* (1989), 52 Ohio App.3d 47, 556 N.E.2d 1198, for the proposition that the fraud and conversion claims are separate matters from the divorce proceeding. In *Koepke,* the court held in the syllabus:

"Intentional tort claims should be considered independently from divorce claims."

The court reasoned:

"Clearly, it is inconsistent to cómbine intentional tort claims with divorce actions since a party to a divorce cannot recover damages." 52 Ohio App.3d at 48, 556 N.E.2d at 1199.

*Koepke* involved the intentional infliction of emotional distress by a wife's revelation that the parties' one-year-old child was not issue of their marriage. *Koepke* is distinguishable both in the nature of the claim and because in the present case appellant filed a counterclaim wherein the conversion issue could have been addressed.

Appellant's claim that the funds from the wrongly cashed checks were not marital property and thus not subject to the divorce action is misplaced. R.C. 3105.171(B) provides:

"In divorce proceedings, *the court shall* * * * determine what constitutes marital property and what constitutes separate property." (Emphasis added.)

The appellant was receiving the monthly benefit while he was married and it was to continue after the marriage ended in divorce. As set out in the agreed judgment entry of divorce, the parties fully settled all issues between them. This settlement included appellant's military pension that he was to retain as his own.

R.C. 3105.171(E)(3) states:

"If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

Appellant chose not to claim that conversion of the pension check was "financial misconduct" during the marriage.

The issue of proceeds from the pension check and the wrongful conversion thereof is clearly a matter which could have and should have been addressed in the divorce proceeding.

"Under Ohio law, the doctrine of res judicata is that an existing, final judgment or decree, rendered upon the merits and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions in the same or any other judicial tribunal of concurrent, jurisdiction." 63 Ohio Jurisprudence 3d (1985) 178–179, Judgments, Section 400.

The Ohio Supreme Court expressed in *Hicks v. DeLa Cruz* (1977), 52 Ohio St.2d 71, 74, 6 O.O.3d 274, 276, 369 N.E.2d 776, 777–778:

"The modern view of *res judicata* embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. A party precluded under this principle from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify according him an opportunity to relitigate that issue."

Under the facts of this case, the property interest of the parties relative to the proceeds of the pension checks could have and should have been resolved in the domestic proceeding.

Paragraph one of the syllabus in *Kerns v. Schmidt* (1994), 94 Ohio App.3d 601, 641 N.E.2d 280, states:

"Although domestic relations court did not resolve issue of former husband's consent to wife's artificial insemination, he was collaterally estopped by divorce decree which imposed obligation to support child from relitigating parentage issue in subsequent fraud claim against former wife."

As in *Kerns,* appellant is estopped from litigating the property settlement issue because it was a matter that could have been addressed in the counterclaim.

Under Civ.R. 13(A):

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. * * *"

The claims in the present case should have been raised by compulsory counterclaim in the parties' previous divorce action. Appellant is collaterally estopped from litigating such claims in a separate proceeding.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.