**RULLI, Appellant,**

v.

**RULLI et al., Appellees.**

[Cite as *Rulli v. Rulli* (1997), 118 Ohio App.3d 743.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 134.

Decided Jan. 30, 1997.

*Manchester, Bennett, Powers & Ullman, L.P.A.,* and *John F. Zimmerman, Jr.,* for appellant.

*Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., James L. Messenger* and *Jerry M. Bryan,* for appellees.

---

GENE DONOFRIO, Judge.

This cause arose in the trial court when the appellant filed a complaint on behalf of himself and Rulli Bros., Inc. The complaint named as defendants-appellees Anthony Rulli, Nick Rulli, and Rulli Bros., Inc. The complaint sought an accounting for all sums of monies and benefits received by the appellees from Rulli Bros., Inc. for abuse of their position as majority stockholders and directors and further requested money relief against the defendants-appellees.

The appellees filed a joint answer together with a motion for summary judgment, with various attachments, contending that appellant's complaint was barred by the doctrine of *res judicata* and collateral estoppel. In support of their stand in this case, the appellees referred to and made a part of their motion for summary judgment the final judgment rendered by the trial court in case No. 92 CV 2032. By judgment entry, the trial court granted the appellees' motion for summary judgment, ruling that the issues raised in the appellant's complaint were resolved in case No. 92 CV 2032.

Appellant's first assignment of error states as follows:

"The trial court erred in ruling that an earlier judgment rendered in a case brought by Plaintiff in his individual capacity operates as a bar to this action, which involves different causes of action brought by Plaintiff, not on his own behalf to enforce personal rights, but in a representative capacity to enforce a right of a corporation."

Appellant asserts that in the prior action, case No. 92 CV 2032, referred to as the "disclosure proceeding," he acted in his personal capacity as a shareholder to view corporate records and for injunctive relief seeking compliance with Ohio corporation law as well as for dissolution of the family partnership. Appellees in the "disclosure proceeding" filed for injunctive and declaratory relief to prohibit appellant from doing business under the family name and to enjoin appellant from sitting on the board of directors of Rulli Bros., Inc.

On June 23, 1993, all parties appeared before the court and agreed to a stipulated settlement, wherein appellant was to buy both businesses, which was read into the record in open court.

A dispute as to the details of the settlement agreement ensued, culminating in a December 20, 1993 order of the trial court granting judgment against appellant and defining the obligations of the parties pursuant to the stipulated agreement.

Upon appeal to this court the judgment was affirmed as modified, and remanded. *Rulli v. Fan Co.* (Dec. 20, 1995), Mahoning App. No. 94 C.A. 14, unreported, 1995 WL 758807.

A review of the claims for relief asserted by Frank Rulli in case No. 92 CV 2032 clearly reveal that he was acting in an individual capacity as a shareholder, asserting an individual right and seeking compliance with Ohio corporation law.

Resolution of that case was obtained by a judgment in the nature of specific performance, as held by this court. *Rulli, supra,* at 17.

The complaint in this case, filed March 2, 1994, and assigned case No. 94 CV 545, was brought in the name of Frank A. Rulli, for himself and *on behalf of Rulli Bros. Inc.,* an Ohio corporation, of which he held one-third of the outstanding shares.

The complaint alleges fraudulent distributions to themselves by the majority shareholders, breach of fiduciary obligations, misappropriation of corporate funds, conspiracy to dissipate and waste corporate money, and intentional and negligent misconduct detrimental to the corporation and its minority shareholder. In this action appellant sought monetary compensation and punitive damages.

Appellant contends that this later shareholder's derivative suit pursuant to Civ.R. 23.1 has been filed with appellant acting as a representative of the corporation, inquiring into wrongs committed to the corporation by its directors, officers or majority shareholders, and is wholly separate and apart from any claim Frank A. Rulli may have against the corporation or its other shareholders or his business partners.

The causes of action in the lawsuits are independent of one another. To prevail on the complaint filed in this matter requires proof of facts wholly different from those in the earlier disclosure proceeding. As stated in *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 176, 23 OBR 339, 341, 492 N.E.2d 426, 428:

"A suit brought by a shareholder on a personal claim is distinguishable from a proceeding to recover damages or other relief for the corporation."

The "disclosure proceeding" was a separate proceeding brought by a shareholder asserting a personal right, whereas the focus of this lawsuit asserts a right belonging to the corporation. Therein lies the distinction.

The seminal case discussing *res judicata* is *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67. As stated in paragraph four of the syllabus:

"To determine whether a second action is based upon the same cause of action as that litigated in a former action claimed to be a bar to the second action under the doctrine of *res judicata,* the primary tests are the identity of investitive facts creating the right of action in each case; the identity of the evidence necessary to sustain each action; and the accrual of the alleged rights of action at the same time."

The *Norwood* court reasoned at 309, 27 O.O. at 244, 52 N.E.2d at 72:

"A legal right is an interest with which the law invests a person and for the infringement of which it gives him a remedy. The investiture of such right arises from and depends upon operative facts and circumstances which, under the law, create the right, preserve it and assure a remedy for its infringement. Such operative facts and circumstances constitute what is known as a cause of action."

Under this definition the essential operative facts to be proven in this derivative proceeding and the earlier "disclosure proceeding" are such that separate causes of action are stated.

In our view there are two separate causes of action, and we agree with appellant that it was error for the trial court to apply the doctrine of *res judicata* and collateral estoppel in dismissing the complaint.

Moreover, the plaintiffs in the two lawsuits are different. As stated in *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 113, 49 O.O.2d 435, 438, 254 N.E.2d 10, 13:

"Ohio has long recognized that the defenses of *res judicata* or collateral estoppel are operative in a second suit only when there is an identity of issues and an identity of parties or their privies in both the first and the second suit."

The *Whitehead* court reasoned that the doctrine should not be used to encroach on fundamental and imperative rights that entitle all persons their day in court.

We are aware that the Ohio Supreme Court has recently expanded use of the doctrine of *res judicata* to bar subsequent litigation. As stated in *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 228–229:

"In recent years, this court has not limited the application of the doctrine of *res judicata* to bar only those subsequent actions involving the same legal theory of recovery as a previous action. In *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, we stated: 'It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or *might have been* litigated in a first lawsuit" ' (emphasis *sic*) (quoting *Rogers v. Whitehall,* 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that '[t]he doctrine of

*res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.' *Id.*

"Today, we expressly adhere to the modern application of the doctrine of *res judicata,* as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24–28, and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Therefore, we overrule the second paragraph of the syllabus in *Norwood, supra,* and overrule the second paragraph of the syllabus in *Whitehead, supra,* to the extent it is inconsistent with today's holding."

Our decision is in accord with *Grava, supra,* as the subject matter of the two causes of action is different.

The individual right asserted by appellant in his litigation assigned case No. 92 CV 2032 sought relief as a minority shareholder in the nature of an accounting, to allow inspection of corporate records and to otherwise comply with the statutes pertaining to operation of a corporate entity. This litigation seeks compensation not only for appellant Frank Rulli, but also for the corporation known as Rulli Bros., Inc. because of the alleged wrongdoing of the majority shareholders.

We find that the derivative lawsuit is by its nature a separate and distinct cause of action brought by appellant principally in his representative capacity on behalf of the corporation.

The first assignment of error is found to have merit.

Appellant's second assignment of error states:

"The trial court erred in ruling that a judgment granting equitable relief in an earlier action operates as a bar to this action, which seeks only money damages."

Appellant asserts that the cause in case No. 92 CV 2032 sought equitable relief, whereas the instant matter sought money damages. He cites *Ctr. Ridge Ganley, Inc. v. Stinn* (1987), 31 Ohio St.3d 310, 315, 31 OBR 587, 591, 511 N.E.2d 106, 109:

"We believe that under the facts of the instant cause, the better view is that which recognizes a claim for specific performance and a claim for money damages arising out of the same factual context as representing different causes of action."

The above legal principle reinforces our finding in this case, inasmuch as the earlier action was grounded in specific performance, whereas this matter seeks money damages.

The claims for relief in the two lawsuits are different. In the cause *sub judice* the corporation and its minority shareholder seek monetary damages. The earlier "disclosure proceeding" implored the court to use its equity powers to

force an accounting of a separate partnership entity, to account for all transactions of the partnership, to permit inspection of corporate records, and otherwise comply with Ohio corporation law. The evolution of that proceeding resulted in an additional prayer for relief including injunctive relief and partnership dissolution. Those claims for relief were resolved by the stipulated settlement agreement and subsequent order in specific performance. A shareholder's derivative suit is not incidental to or a necessary claim encompassed in the earlier proceeding.

We have searched the record and cannot find that the trial court issued a ruling specifically finding that the earlier judgment granting equitable relief acted as a bar to this proceeding. Appellant is reading more into the lower court order than what appears in the language of that order. Although we need not rule on this assignment of error, based on the reasoning under the first assignment of error, we find this second assignment to have merit.

Appellant's final assignment of error reads as follows:

"The trial court erred in ruling that a judgment entry enforcing a settlement of 'all issues pending' in an earlier action operates as a bar to this action which involves only issues not previously raised in the earlier action."

The June 30, 1994 order under review reads in its entirety:

"The cause of action, the fundamental dispute, between the parties was the conduct of she family grocery business regardless of the legal vehicle, partnership or corporation used.

"The dispute was resolved in a broad, general agreement between the brother-partners, 100% shareholders, in open court without any particular deference to consideration of their corporate or partnership capacities.

"It is therefore the finding and ruling of this court that *res judicata* and collateral estoppel are applicable and this case should be dismissed."

A separate order entered the same day grants the appellees' motion for summary judgment and dismisses the case.

We previously discussed the application of *res judicata* under the first assignment of error. The doctrine operates to preclude the relitigation not only of issues actually litigated and determined in a prior action but also all material matters necessarily incident to or connected with the former action. *Schram v. Cincinnati* (1922), 105 Ohio St. 324, 137 N.E. 868.

Upon an examination of the record we find that the issues to be resolved in this litigation have a separate identity from those addressed in the earlier action. As a separate matter the trial court erred in dismissing this case.

Appellant's third assignment of error is found to have merit.

Appellees, in their answer brief, draw an analogy to a divorce proceeding which is settled on the day of final hearing, only to have one party subsequently file another divorce action alleging marital misconduct. They argue the absurdity of protracted and vexatious litigation. While we may agree that the better practice would be to obtain a full disclosure of the business status prior to an agreement to purchase, there is no legal requirement to do so. Appellant may avail himself of a derivative suit for his benefit as well as the corporation.

In our view, the chronology of the underlying litigation is akin to a divorce proceeding wherein a property settlement has been obtained and then one party asserts substantial fraud and the trial court invokes its equity powers and entertains a motion for relief from judgment. To afford substantial justice to the parties, to promote fairness in this business divorce, and to ensure full disclosure of all pertinent information incidental to the business purchase, the judgment of the trial court is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion and according to law.

*Judgment reversed*
*and cause remanded.*

Cox, J., concurs.

Joseph E. O'Neill, P.J., dissents.

Joseph E. O'Neill, Presiding Judge, dissenting.

I respectfully dissent. Appellant asserts that case No. 92 CV 2032 was an action brought by himself, whereas this case was brought in his representative capacity as a shareholder to enforce the right of the corporation, and, therefore, *res judicata* and collateral estoppel do not apply. This argument is without merit.

Appellant's complaint is a shareholder derivative action brought pursuant to Civ.R. 23.1, which reads as follows:

"In a derivative action brought by one or more legal or equitable owners of shares to enforce a right of a corporation, the corporation having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors and, if necessary, from the shareholders and the reasons for his failure to obtain the

action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders in such manner as the court directs."

The complaint was dismissed pursuant to the doctrines of *res judicata* and collateral estoppel. *Res judicata* has been defined by the Ohio Supreme Court:

"The rule is well settled that an adjudication in one action between the same parties is final and conclusive not only as to the matter actually determined but as to every other material issue which the parties might have litigated, incident to or connected with the subject-matter of the litigation." *Schram v. Cincinnati* (1922), 105 Ohio St. 324, 329, 137 N.E. 868, 870.

Certainly, the complaint under study raises a material issue which could have been litigated in the previous case and which was incident to or connected with the matter of that litigation. The doctrine of collateral estoppel has been defined by the Ohio Supreme Court as follows:

"The doctrine of *res judicata* involves two basic concepts. *Norwood v. McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E.2d 67. First, it refers to the effect a judgment in a prior action has in a second action based upon the same cause of action. * * *

"The second aspect of the doctrine of *res judicata* is 'collateral estoppel.' * * * the collateral estoppel aspect precludes the relitigation, in the second action, of an issue that has been actually and necessarily litigated and determined in a prior action which was based on a different cause of action. * * * In short, under the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit." *Whitehead v. Gen. Tel. Co.* (1962), 20 Ohio St.2d 108, 112, 49 O.O.2d 435, 437–438, 254 N.E.2d 10, 13.

The plaintiff-appellant contends that case No. 92 CV 2032 was brought in his individual capacity to address a right he had as an individual shareholder. Plaintiff-appellant goes on to argue that the case at hand is a shareholder derivative action, which is a right of redress belonging not to the shareholder but to the corporation. *Scullin v. Mut. Drug Co.* (1941), 138 Ohio St. 132, 133, 20 O.O. 126, 126–127, 33 N.E.2d 992, 993–994. Appellant further argues that the issues in this derivative suit are not the same as those raised in the earlier case. The appellant points out that his present complaint alleges that the appellees misused appropriated and converted assets of the corporation for their own personal benefit and wasted corporate assets. To establish its case, appellant

contends that it must present evidence that the corporate distributions were excessive, unauthorized, fraudulent and wasteful. Appellant argues that this evidence was not relevant to the earlier case, as appellant there alleged that the appellees denied him access to corporate records, excluded him from corporate meetings, and failed to maintain corporate books pursuant to statute.

In summary, appellant reasons that the two cases were unrelated and that the doctrines of *res judicata* and collateral estoppel do not apply.

Reviewing the record placed before the trial court and the motion for summary judgment leads me to the conclusion that the trial court in this case was correct. The issues are basically the same in both cases. The only thing different is the manner in which the case was captioned. The outstanding fact presented by the motion for summary judgment is a portion of the proceedings before the trial judge in case No. 92 CV 2032. Addressing the trial judge, counsel for the plaintiff-appellant stated:

"Your Honor, I believe that we can stipulate a settlement to resolve all issues pending in this case."

When one reads the transcript from case No. 92 CV 2032, it is not difficult to arrive at the conclusion that, based upon proposals by counsel for the plaintiff-appellant, all issues between all of the parties involved in that case and involved in this case were settled and resolved in the final judgment entry of the trial judge. That final judgment entry has been the subject of an appeal to this court, and, in final disposition of the appellate case, this court has affirmed and modified the judgment entry of the trial court.

The first assignment of error should be found to be without merit.

The second assignment of error contends that the trial judge erred in ruling that a judgment granting equitable relief in an earlier action operates as a bar to this action, which seeks only money damages.

I again return to the transcript of proceedings in the prior case and again recite the fact that the same counsel in that case informed the trial judge that issues between all the parties were settled. These parties are entitled to a finality of what has become an obviously very expensive family dispute. The settlement rendered in the prior case is a bar to this case.

This second assignment of error should be found to be without merit.

The third assignment of error complains that the trial court erred in ruling that a judgment entry enforcing a settlement of all issues pending in an earlier action operates as a bar to this action, which involves only issues not previously raised in the earlier action.

The issues raised in this action could have been raised in the earlier action. This is a material issue which might have been litigated and certainly was incident to or connected with the subject matter of the prior litigation. *Schram v. Cincinnati* (1922), 105 Ohio St. 324, 329, 137 N.E. 868, 870.

This third assignment of error should be found to be without merit.

In my opinion, the judgment of the trial court should be affirmed.