Oral Argument Waived.
Judges: Hon. Cheryl L. Waite, Hon. Edward A. Cox, Hon. Joseph J. Vukovich
 OPINION
This appeal arises out of a trial court decision denying Appellants', Joseph D. Bettura Construction, Inc., et al. ("Bettura"), motion for leave to amend their complaint against Alpha Framing Construction, Inc. ("Alpha"), Harry Baker and Michael Pettola, the purported officers and shareholders of Alpha. Only Bettura filed a notice of appeal herein. Bettura sought to amend its complaint to include claims of disregarding of corporate entity and fraud against Baker and Pettola personally and to include another corporation owned by them, B 
P Construction, Inc. For the following reasons, this Court affirms the trial court judgment.
On August 1, 1993, Bettura and Alpha entered into a joint venture agreement for the formation of Gemcraft Construction Joint Venture ("Gemcraft"). Gemcraft was to purchase real estate, develop and sell it. Bettura and Alpha were to split the profits and losses equally. The agreement contained a binding arbitration clause.
Gemcraft suffered net losses. Alpha refused to pay its agreed share of the losses and Bettura filed suit to enforce the arbitration clause. Bettura also named Pettola and Baker individually as defendants, alleging that they were personally liable under the terms of the joint venture agreement as the legal representatives of Alpha. The trial court ordered arbitration. The record reflects that Bettura failed to conduct any discovery prior to arbitration.
The arbitration panel awarded Bettura $8,029.17. However, the panel determined that Pettola and Baker were not personally liable. The trial court entered an order confirming the arbitration award.
Subsequently, Bettura conducted a debtor's examination of Alpha by deposing Pettola. As a result, Bettura concluded that Alpha was a sham corporation that was never properly funded and that Alpha's corporate minute books contained fraudulent entries. Bettura then filed its motion to amend the original complaint to add claims against Baker, Pettola and B P Construction. The trial court denied the motion on the grounds that Bettura had litigated the issue of personal liability of Baker and Pettola during the arbitration. This appeal followed.
Bettura raises the following Assignment of Error:
 "THE TRIAL COURT ERRORED [sic] IN FAILING TO ALLOW BETTURA CONSTRUCTION TO AMEND ITS COMPLAINT TO INCLUDE A CAUSE OF ACTION FOR PIERCING THE CORPORATE VEIL OF ALPHA FRAMING."
Bettura, relying on Gowe Printing Co. v. Hall (February 17, 1983) Cuyahoga App. No. 45042, unreported, and CranwoodDevelopment Co. v. Friedman (November 16, 1989), Cuyahoga App. No. 56196, unreported, argues that the doctrine of res judicata does not bar a subsequent claim seeking to pierce the corporate veil. Appellants argue that they had no reason to know or question the corporate status of Alpha and that the arbitration did not determine Alpha's corporate status.
Bettura contends that a claim seeking to pierce the corporate veil need not be brought in an original action for money damages. It argues that if forced to exhaustively research the background of every corporation prior to litigation against that corporate entity, needless discovery and litigation would result to the plaintiff. Therefore, it argues that the doctrine of resjudicata should not be raised as a defense to bar an action seeking to pierce the corporate veil of a corporate litigant.
Bettura concludes its argument by asserting that a sham and fictitious corporate entity should be disregarded and liability imposed on the shareholders. Therefore, it argues that under Civ.R. 15 (A), justice required that the trial court grant Bettura belated leave to file an amended complaint.
A trial court's decision denying a motion for leave to file an amended complaint will not be reversed absent an abuse of discretion. Wilmington Steel Products, Inc. v. ClevelandElec. Illum. Co. (1991), 60 Ohio St.3d 120, 122. Abuse of discretion means, ". . . `more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable'" Id. quoting Hufffman v. HairSurgeons, Inc. (1985), 19 Ohio St.3d 83. In the case subjudice, the trial court did not abuse its discretion in denying Appellants' motion for leave to file an amended complaint.
The doctrine of res judicata is broad based, to include both claim and issue preclusion. Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 381. The doctrine of resjudicata bars not only subsequent actions involving the same legal theory of recovery as a previous action, but has been expanded so that, ". . .`an existing final judgment or decree between the parties to the litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" National Amusements, Inc. v. City ofSpringdale (1990) 53 Ohio St.3d 60, 62 quoting Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69. In Grava, supra, the Court held that, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava, supra at syllabus, paragraph one. Finally, "[t]he doctrine of res judicata,
requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."National Amusements, Inc., 53 Ohio St.3d at 62. Seealso Rulli v. Rulli (1997) 118 Ohio App.3d 743.
In the instant case, not only did Bettura have the opportunity to litigate the personal liability of Baker and Pettola, it did so. Bettura's theory of personal liability under the amended complaint would have differed from the grounds offered in the original complaint, nonetheless, Bettura should have brought its claim to pierce the corporate veil and challenge the corporate status of Alpha in the original action. Bettura failed to do so. The doctrine of res judicata prevents Bettura from asserting such claims through an amended complaint.
Bettura's reliance on Gowe and Cranwood is misplaced. While those cases held that a subsequent claim seeking to pierce the corporate veil was not barred by the doctrine ofres judicata, they are distinguishable from the casesub judice. In Gowe, the appellant filed an action on an account against Good Life Publishing Company. Gowe obtained a default judgment but the judgment remained unsatisfied, apparently because Good Life went out of business. Gowe then filed an action against Theodore Hall as the chief operating officer and shareholder of Good Life, seeking to hold him personally liable. The trial court dismissed the second action under the doctrine of res judicata, stating that the claim against Hall should have been brought in the action against Good Life. The court of appeals reversed.
The court of appeals found that although the suits involved the same subject matter, they were against separate entities. The first action was against Good Life, a corporation. The second was against Hall as a corporate officer and shareholder. Further, the first action was on the basis of an account; the second alleged fraud and breach of statutory duty. Therefore, the court concluded that res judicata did not operate to bar the second action.
Bettura's reliance on Gowe is misplaced for two reasons. First, the underpinnings of the Gowe decision are found in Norwood v. McDonald (1943), 142 Ohio St. 299, syllabus, paragraph 2. This law was expressly overruled by the Supreme Court in Grava, supra, 73 Ohio St.3d at 382. Second, Gowe did not assert his personal liability claim against the shareholder in the original action. In the instant case, Bettura did make claims against the shareholders in their personal capacities in his original action. Therefore, resjudicata barred the subsequent action.
In Cranwood, the plaintiff filed a complaint against A. R. Heating Co. for breach of a lease agreement. Cranwood received an arbitration award and was awarded $12,900 in damages. In attempting to collect on this award, Cranwood discovered that the heating company had no assets and that its articles of incorporation had at some point been cancelled due to failure to pay that company's corporate tax. Cranwood then sought to hold the corporate officer, Friedman, personally liable. Friedman filed a motion to dismiss, claiming the action was barred by the doctrine of res judicata. The trial court dismissed the action. The court of appeals reversed.
The court of appeals determined that res judicata did not preclude the second action. The court reasoned that the merger and bar aspect of res judicata did not apply because the causes of action were not the same. Nor did collateral estoppel apply, because the first action did not actually or necessarily determine the issues raised by the second action.
Cranwood is also distinguishable from the instant case in that Bettura did litigate at arbitration the personal liability of Baker and Pettola. The arbitration award determined that Baker and Pettola were not personally liable. Therefore, res judicata bars the allegations in the attempted amended complaint.
This decision herein is also distinguishable from this Court's earlier decision in Rulli v. Rulli (1997), 118 Ohio App.3d 743. In Rulli, the plaintiff filed a shareholder's derivative suit subsequent to his settlement of a personal claim against the same defendants. Id. at 744-45. The trial court dismissed the shareholder's suit on the grounds that the issues raised were resolved in the earlier action. Id. at 744.
We reversed the trial court decision, holding that the causes of action were independent. The first action asserted a personal right, where as the latter asserted a right of the corporation.Id. at 745. Further, the plaintiffs in the two actions were different. Id. at 746. We held, ". . . that the derivative lawsuit is by its nature a separate and distinct cause of action brought by appellant in his representative capacity on behalf of the corporation." Id. at 747. Therefore,res judicata did not bar the second action.
This case is factually and procedurally distinguishable from our decision in Rulli. In the instant matter, Bettura attempted to amend its complaint to allege other causes of action which could have and should have been litigated in the original action. Bettura did not file two separate actions. Further, the parties in this case, with the exception of B P Construction, are identical. Finally, the case sub judice is not a shareholder's derivative suit.
Collateral estoppel bars Bettura's claims against B P. In order to trigger the doctrine of collateral estoppel, a party must prove:
 "(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action;
 "(2) There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
 "(3) The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
 "(4) The issue must have been identical to the issue involved in the prior suit."
(Emphasis added), Cashelmara Villas Limited Partnership v.DiBenedetto (1993), 87 Ohio App.3d 809, 813-14. See alsoBlymiller v. Blymiller (1996) 111 Ohio App.3d 644, 647
quoting Hicks v. DeLa Cruz (1977), 52 Ohio St.2d 71, 74. In the instant case these elements are met. Bettura sued Alpha in a contract-based action and sought to hold Baker and Pettola as officers and shareholders of Alpha. The arbitration panel determined that Baker and Pettola were not personally liable. Therefore, the arbitrators necessarily determined that Alpha was the only liable party in the contract dispute. Bettura now attempts to hold a separate, third party liable solely on the basis that Pettola and Baker are also the officers and shareholders of this third party. Inasmuch as Pettola and Baker have already avoided liability here, collateral estoppel bars such an action against BP.
Bettura has one additional inescapable problem. As stated numerous times, Bettura named Baker and Pettola personally and individually in his original complaint. However, Bettura failed to conduct any discovery prior to arbitration, discovery which would likely have allowed it to discover the purported problems with the corporate status of Alpha and B P's possible liability. Bettura completely failed to do so. Had Bettura acted reasonably and prudently, it could have amended its complaint prior to a binding arbitration hearing. Instead, it waited until after the common pleas court confirmed the arbitration award and then, belatedly, undertook discovery and sought to amend a complaint on which final entry was issued. Under the doctrine ofres judicata, ". . . `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first law suit.'" Grava, 73 Ohio St.3d at 382, quoting NationalAmusements, Inc., 53 Ohio St.3d at 62. The doctrine of res judicata barred this late attempt on Bettura's part.
For the foregoing reasons, we find that the assignment of error advanced by Appellant is without merit. Accordingly, the trial court judgment is affirmed. Costs to be taxed against Appellant.
Vukovich, J., concurs.
Cox, P.J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE JUDGE