Appellant Mary Ann O. Rini claims that Domestic Relation Judge Anthony J. Russo erred when he adopted the decision of Magistrate Palos that ordered her to pay one-third of the tuition for her eldest child's private schooling, and required her to pay 40% of the medical expenses incurred by her children. Ms. Rini claims: (1) the judge lacked jurisdiction under Civ.R. 4; (2) that requiring her to pay for a religion oriented education violates the first amendment of the U.S. Constitution; (3) that requiring such payment of tuition is contrary to the intent of the parties, the best interests of the child, and her financial ability; and, (4) the magistrate improperly ruled on issues existing outside the record. We disagree and affirm.
Ms. Rini and Gusty A. Rini, appellee, were divorced on May 9, 1988. At that time custody of the couples' three children, Aaron, born June 26, 1977, Blaire, born August 6, 1980, and Drew, born February 10, 1983, were awarded to Ms. Rini. Mr. Rini was ordered to pay child support of $72 per week, per child, and to maintain medical and hospitalization insurance. The parties agreed that Mr. Rini would pay two-thirds of all reasonable medical and dental expenses that were not covered by health insurance and Ms. Rini would pay one-third. Ms. Rini unilaterally assumed the costs for the children's then current private schooling at the Gesu parish grade school. In the spring of 1991, Ms. Rini enrolled the two younger children in public school and Aaron in the private Gilmore Academy.
In October of 1991, Aaron, then age 14 years, began residing with his father. At a hearing held that same month on Mr. Rini's motion to modify allocation of parental rights and responsibilities, the parties agreed that Aaron would continue to live with his father who became the residential parent; Mr. Rini's child support payments for the two younger children were reduced to $600 per month, and, commencing with the 1991-92 school year, the parties agreed that the Gilmore Academy tuition for Aaron would be paid on the ratio of 1/3 by Ms. Rini and 2/3 by Mr. Rini. All orders regarding unreimbursed medical expenses and co-payments were to remain in effect.
In August of 1992, the younger children, then ages 12 and 9 years, began residing with their father. On November 12, 1992, an order was issued granting shared parenting pursuant to the parties' agreed shared parenting plan. In that plan, Mr. Rini was now designated as the residential parent for all three children commencing August 8, 1992. The plan went on to state, in pertinent part:
 The children's schooling shall be fully discussed with mother (sic) but in the event that the parties cannot agree, father shall have the discretion to choose a school, including a private school, after the children's input as to the selection of schools, however, nothing in this paragraph shall obligate the mother towards the costs of same, including tuition, books and fees, due to the fact that all financial issues are passed to another hearing.
 The parties also agree that the responsibility for the cost of all extraordinary, unreimbursed medical, psychiatric, psychological, dental, orthodontic, ophthalmic, surgical and hospital expenses relating to or incurred by on behalf of the children * * * shall be by separate order provided that in the event Mother and Father shall contract for psychiatric or psychological services * * * then the provider shall be Michael Leach, absent prior written consent to the contrary between the parties or the prior order of the court. The party contracting for psychiatric or psychological services for the children shall be solely responsible for the cost of application of available insurance.
Over the next many months the parties, both lawyers, filed a plethora of motions on a myriad of subjects. They later agreed to limit the issues and proceeded to a hearing before Magistrate Nelson. On December 4, 1994, her decision was rendered and to which both parties filed objections and, thereafter, continued to file many motions for continuance thereby delaying a final order.
Judge Russo's order of April 1, 1997, made modifications to the earlier decision: (1) Ms. Rini was to pay Mr. Rini child support in the amount of $233.16 per month per child plus poundage commencing November 12, 1992; (2) the unreimbursed medical, dental and optical expenses were to be shared 60% by Mr. Rini and 40% by Ms. Rini for ease of calculation; and, (3) Ms. Rini's support arrearage should be satisfied at the rate of $250 per month. The court also reiterated that the issues related to the psychological, medical and tuition reimbursement were to be passed to a separate hearing.
Both parties filed appeals to this court on the order, and on April 8, 1998, we reversed only a portion of Judge Russo's order by remanding the child support calculation to be by a year to year income analysis for the years 1992 and 1993 and consideration of "in kind support".
A separate hearing concerning the medical, psychological, and tuition reimbursement was held August 8-9, 1996, before Magistrate Palos, and concluded on January 24, 1997. In her findings of fact and conclusions of law, the magistrate, upon review of all medical bills, found that Mr. Rini owed Ms. Rini a total of $4,185.57 and Ms. Rini was $6,082.57 in arrears for Aaron's Gilmore Academy tuition.
Both parties again filed objection to this report, and on March 12, 1998, Judge Russo adopted the decision with some minor modifications: (1) Ms. Rini was not responsible for any private school tuition for Blaire or Drew, but must reimburse Mr. Rini her portion of Aaron's tuition for four years ($6,082.57) to be added to her support arrearage determined at an earlier hearing; (2) the child support payments by Ms. Rini for Aaron, although emancipated as of June 26, 1995, were to be continued and be credited against her arrearage; and, (3) Mr. Rini was to credit the money owed for unreimbursed medical expenses against Ms. Rini's accumulated support arrearage.
Ms. Rini's first assignment of error states:
 I. THE COURT MUST INVOKE JURISDICTION UNDER CIVIL RULE 4 AS A PREREQUISITE TO ISSUING A POST DECREE ORDER FOR PRIVATE SCHOOL TUITION.
Ms. Rini here suggests that the judge lacked the jurisdiction to determine a modification of child support or an allocation of tuition for a private school. This court in Rini v. Rini (April 30, 1998), Cuyahoga App. No. 72414, unreported, addressed this very issue, and, therefore, is barred by the doctrine of resjudicata. Blymiller v. Blymiller (1996), 111 Ohio App.3d 644,676 N.E.2d 1212, quoting Hicks v. DelaCruz (1977), 52 Ohio St.2d 71,74, 369 N.E.2d 776. This assignment of error is not well taken.
Ms. Rini's second and third assignments of error are interrelated in both law and fact and will thus be discussed together.
 II. ORDERING A PARENT TO PAY COSTS OF A RELIGIOUS EDUCATION WHEN NO AGREEMENT EXISTS IS A VIOLATION OF THE FIRST AMENDMENT'S SEPARATION OF CHURCH AND STATE.
 III. THE ORDER OF APPELLANT TO PAY TUITION DEFIES THE INTENT OF THE PARTIES, THE BEST INTEREST OF THE CHILD, AND THE FINANCIAL ABILITY OF THE APPELLANT.
Ms. Rini contends the judge erred in ordering her to pay the tuition costs of Aaron's private school education after the 1992 school year. She claims that once her husband became the residential parent of all three children, pursuant to the agreed upon shared parenting plan adopted by the court November 12, 1992, the original (January 10, 1992) order through which she agreed to share the cost of Aaron's education was amended, and Mr. Rini became responsible for the cost of education of all three children. This argument is misplaced.
In an agreed upon entry dated January 10, 1992, Mr. Rini was awarded custody of the couple's eldest son, Aaron, pending motions relating to modifying child support, medical payment claim (motion to show cause), and the allocation of parental rights. In that order, the court also mandated the following:
 Defendant/Husband and Plaintiff/Wife shall further be responsible for the out-of-pocket tuition, books and meals for Aaron's private school education at Gilmore Academy commencing with the 1991-92 school year, in the following ratios; two thirds (2/3) paid by Defendant/Husband and one third (1/3) paid by Plaintiff/Wife.
Ms. Rini further acknowledged responsibility for a $1,000 debt owed to Gilmore.
The November 12, 1992 order adopting the agreed upon shared parenting plan stated in pertinent part:
 As of August 8, 1992, all three children shall commence residing with the Father, and they shall attend school in the district determined by the parties within the boundaries of Cuyahoga County or its contiguous counties. The Children's schooling shall be fully discussed and consulted with Mother, but in the event of (sic) the parties cannot agree, Father shall have the discretion to choose the school, including private school, after the children's input as to selection of schools, however, nothing in this paragraph shall obligate the mother towards the cost of the same including tuition, books and fees due to the fact that all financial issues are passed to another hearing.
It is well established that a judge may order a parent to pay some or all private school tuition when it is determined that: (1) it is in the child's best interest; (2) the payor(s) can afford to pay the tuition; (3) the children were already placed in private schooling; and (4) the private schooling would have continued if the marriage had not been terminated. Kaminski v.Kaminski (Mar. 3, 1997), Montgomery App. No. CA96-09-073, unreported, Brock v. Brock (Nov. 17, 1995), Montgomery App. No. 15075, unreported.
In the instant case, the judge properly ordered Ms. Rini to pay the tuition costs arising from Aaron's education, but not for either Blaire or Drew. It is clear from the court's entry that, prior to the November 12, 1992 adoption of the shared parenting plan, they had agreed that Aaron should attend Gilmore Academy and would each be responsible for a share of the costs. This prior agreement is further solidified in the 1992 order where it is stated that the father would be solely responsible for the costs of any private schooling, only if the mother did not agree to the father's choice. Since Ms. Rini had agreed that Aaron should attend Gilmore and had, herself, initially enrolled him there, she is responsible for 1/3 of the cost of that private education.
Mr. Rini, however, chose to enroll Blaire and Drew into Gilmore without Ms. Rini's consent and, and as a result, is wholly responsible for the tuition costs thereby incurred. This assignment of error is overruled.
Ms. Rini's fourth assignment of error reads:
 IV. THE COURT ERRED AND VIOLATED SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHT OF THE APPELLANT WHEN IT ORDERED AND CALCULATED MEDICAL BILLS TO BE PAID ON A RATIO OF 40% BY APPELLANT AND 60% BY APPELLEE AND WHEN IT MISCONSTRUED THE ALLOCATION OF COSTS.
Here, Ms. Rini argues that the judge erred when he modified the order requiring her to pay 1/3 of the children's unreimbursed medical expenses to increase her obligation to 40%.
Normally this type of error would be reviewed under an abuse of discretion standard. Abuse of discretion "is more than an error of law or judgment; it implies that the Court's attitude is unreasonable, arbitrary or unconscionable." Ms. Rini, however, failed to support her argument with citations to legal authority as required by App.R. 16(A)(7), and permits us to disregard this claimed error without analysis. App.R. 12(A)(2); Meerhoof v.Huntington Mortgage Co. (1995), 103 Ohio App.3d 164, 169,658 N.E.2d 1109.
Nevertheless, it is worth noting that this court, in Rini. v.Rini, supra, remanded this same issue for further hearing and clarification, as there was no motion before the judge requesting this change. During pendency of that appeal and while motions to modify support and custody were filed and pending, Judge Russo stated, through a journal entry dated February 11, 1998, that "the parties are found to have waived their right to any further hearing." Moreover, upon our review of the record, it is clear that the magistrate was very thorough in her review of the medical bills and in allocating the appropriate costs. It is highly unlikely that any actions taken by the judge concerning those costs would amount to an abuse of discretion. The fourth assignment of error has no merit.
 V. THE COURT VIOLATED THE STANDARDS OF DUE PROCESS WHEN IT ERRONEOUSLY ADMITTED TESTIMONY OF THE APPELLEE FOR PAYMENTS MADE FROM 1989 TO 1996 BUT REFUSED TO ALLOW THE REBUTTAL TESTIMONY BY THE APPELLANT ON THE SAME PAYMENT AND TESTIMONY ON ADDITIONAL BILLS INCURRED BETWEEN AUG. 1996, AND DEC. 1996.
Again, Ms. Rini fails to support this assignment of error with authority, and as a result, pursuant to App.R. 16(A)(7) and App.R. 12(A)(2), this assignment of error need not be addressed.Meerhoof, supra.
 VI. THE COURT ERRED AND VIOLATED DUE PROCESS WHEN IT RULED ON ISSUES NOT PROPERLY BEFORE IT AND OBVIOUSLY OUTSIDE THE RECORD.
Here, Ms. Rini contends Judge Russo and Magistrate Palos were prejudiced against her. This court in Rini v. Rini (Apr. 30, 1998), Cuyahoga App. No. 72414, unreported, addressed and resolved this issue and, thus, under the doctrine of resjudicata, Ms. Rini is barred from raising it again. Blymiller,supra.
Further, a review of the record indicates that although the judge and magistrate did become impatient with counsel, there is no indication, at any point, that such impatience rose to the level of bias. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Division of Domestic Relations, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., CONCURS IN JUDGMENT ONLY, MICHAEL J.CORRIGAN, J., CONCURS IN JUDGMENT ONLY.
 ________________ JUDGE ANNE L. KILBANE