OPINION
Defendant-appellant Cathie I. Hiltbrand appeals from the March 31, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On July 28, 1992, appellant Cathie I. Hiltbrand and appellee Jacob W. Hiltbrand entered into a Separation Agreement. This agreement and a Joint Petition for Dissolution were filed with the Tuscarawas County Court of Common Pleas on July 29, 1992 (Case No. 92DC070384). Via Judgment Entry/Decree of Dissolution filed in September of 1992, the trial court ordered that the marriage contract between appellant and appellee be dissolved.
On December 14, 1995, appellee filed a Motion to Vacate the Decree of Dissolution in Case No. 92DC070384 pursuant to Civ.R. 60(B)(5). Appellee, in his motion, requested that the Decree be vacated since the Separation Agreement did not address all of the parties' assets and debts, including the Lucille Belkin art collection[1]. After such motion was granted by the trial court, appellant filed a timely notice of appeal. Pursuant to an Opinion and Judgment Entry filed on August 25, 1997, in Case No. 97AP010003, this Court reversed the judgment of the trial court, finding that the trial court abused its discretion in granting appellee relief because he failed to satisfy the elements for relief pursuant to Civ.R. 60(B)(5) set forth in In re: Murphy (1983),10 Ohio App.3d 134. In so holding, this Court stated as follows:
 ". . . [w]e find that unlike in Murphy, appellee knew what assets and debts existed at the time he signed the separation agreement. We also find that the delay of three years and three months was not reasonable, even though the parties were allegedly attempting to settle this matter during that time period. Appellee cites to no case law which justifies such a delay based upon attempts to settle.
 There is also no evidence to indicate that appellee did not understand the separation agreement or that he did not sign it of his own free will. As to the element of deception, appellee attempts to argue he was deceived because of appellant's promise of reconciliation. However, there is no evidence that this promise of reconciliation deceived appellee into signing the separation agreement. Further, appellee would have had to seek relief from judgment, within one year after the trial court granted its divorce decree, pursuant to Civ. R. 60(B)(3), if he sought relief on the basis of fraud or deception. Finally, neither party remarried during the intervening time period from the time of the dissolution until appellee filed the motion to vacate judgment."
Thereafter, on August 31, 1998, appellee filed a civil complaint for replevin and/or conversion against appellant in the Tuscarawas County Court of Common Pleas. Appellee, in his complaint, alleged, in part, that 19 paintings, one painted tray and two French clocks were given to either appellee or, alternatively, to the parties jointly by Lucille Belkin, appellee's aunt, during the parties' marriage and that appellant converted such items. The paintings were painted by Lucille Belkin, who is a recognized artist. An answer to appellee's complaint was filed by appellant on September 25, 1998.
Subsequently, a bench trial was held on March 17, 2000. Pursuant to Findings of Fact and Conclusions of Law filed on March 31, 2000, the trial court held that all of the above items, including the Lucille Belkin paintings, were marital property and should be divided equally between the parties. In so holding, the trial court stated, in part, as follows:
 ". . . Plaintiff [appellee] claims the art work was given to him, or to the parties as marital property by his aunt, Lucille Welkin [sic], during the course of the marriage. Defendant [appellant] claims the paintings and other items were given to her alone. The Separation Agreement did not discuss any of the art work, the tray or the two clocks. This Court specifically finds that the language of the Agreement as to "household goods" does not apply to the art work, the tray or the clocks.
 While both parties argue that the gifts from Lucille Welkin [sic] were gifts to an individual, the court finds that they were gifts to the couple, and that they are marital property. . . . The Court found no clear evidence of an intent on the part of Lucille Belkin to give the paintings to either one of the couple separately, and as they were all received during the marriage, finds that they are marital property."
The trial court further instructed the parties on how to divide the paintings, the tray and the clocks. A Judgment Entry memorializing the trial court's decision was filed on the same day.
It is from the trial court's March 31, 2000, Judgment Entry that appellant prosecutes her appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING JUDGMENT IN FAVOR OF APPELLEE FOR REPLEVIN WHERE THE APPELLEE HAD PREVIOUSLY SIGNED A SEPARATION AGREEMENT DETERMINED [SIC] THE PROPERTY RIGHTS OF THE PARTIES WHICH INCLUDED A RELEASE OF ALL CLAIMS.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING A JUDGMENT IN FAVOR OF APPELLEE FOR REPLEVIN WHERE THE SEPARATION AGREEMENT DETERMINED THE PROPERTY RIGHTS OF THE PARTIES AND WHERE THERE IS NO JURISDICTION VESTED IN ANY COURT TO MODIFY THE PROVISIONS OF THE SEPARATION AGREEMENT AS TO THE DIVISION OF THE PARTIES PROPERTY.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING JUDGMENT IN FAVOR OF APPELLEE FOR REPLEVIN WHERE THE APPELLEE'S REPLEVIN CLAIM WAS BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL.
 ASSIGNMENT OF ERROR IV
 THE FINDING OF FACT THAT THE BELKEN [SIC] PAINTINGS WERE NOT "HOUSEHOLD GOODS" AND THE JUDGMENT OF THE TRIAL COURT FOR REPLEVIN ARE NOT SUPPORTED BY THE EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II, III, IV
Prior to discussing appellant's assignments of error, this Court must first determine whether the trial court had jurisdiction to divide marital property. As is stated above, the trial court, in its March 31, 2000, Findings of Fact and Conclusions of Law, specifically found that the parties' Separation Agreement in Case No. 92DC070384 did not "discuss any of the [Lucille Belkin] art work, the tray or the two clocks." The trial court further, in both its March 31, 2000, Findings of Fact and Conclusions of Law and its March 31, 2000, Judgment Entry, found the same to be marital property that were gifts to the couple during their marriage and ordered that the art work, tray and clocks be divided equally between the parties.
Pursuant to R.C. 3105.011, "[t]he court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter." "The subject-matter jurisdiction of a trial court to award permanent alimony_and to formulate an equitable division of the maritalassets commences when either party files a complaint for divorce and a division of the marital property." Bolinger v. Bolinger (1990),49 Ohio St.3d 120, syllabus. (Emphasis added). Pursuant to R.C. 3105.17, either party to a marriage may file a complaint for divorce[2]. However, in the case sub judice, neither appellant nor appellee filed a complaint for divorce and a division of the marital property in this matter pursuant to R.C. Chapter 3105. Rather, appellant filed a civil complaint for replevin in the trial court.
Accordingly, since neither party filed a complaint for divorce and a division of the marital property in this matter pursuant to R.C. Chapter 3105, the trial court lacked jurisdiction to divide the parties' marital property as it did. Furthermore, since claims regarding the division of the paintings, tray and clocks could have and should have been raised in the prior dissolution proceeding between the parties, the doctrine of resjudicata precludes appellant from maintaining such claims now. SeeBlymiller v. Blymiller (1996), 111 Ohio App.3d 644. See also R.C.3105.63(A)(1) which provides that a petition for dissolution of marriage shall have attached and incorporated a separation agreement agreed to by both spouses, and that separation agreement shall provide for the division of all property.
Since the trial court in the case sub judice lacked jurisdiction to divide the parties' marital property pursuant to a replevin and/or conversion action, the March 31, 2000, judgment of the Tuscarawas County Court of Common Pleas is vacated.[3]
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is vacated. Costs to appellee.
 _________________________________ By Edwards, P.J.
Gwin, J. and Farmer, J. concurs.
[1] Lucille Belkin was appellee's aunt.
[2] A domestic relations court has the jurisdiction to equitably divide all marital property. See, R.C. 3105.171(B).
[3] We have based our decision in this case on the trial court's lack of authority to divide marital property pursuant to a replevin action. Therefore, we vacate the Judgment Entry and the findings made by the trial court, including but not limited to the finding that the paintings were not household goods.